ROBERT W. KENT, *vs.* WILLIAM O'HARA, Trustee.
*December,* 1835.

After the claims of creditors had been rejected by the auditor as insufficiently proved, the chancellor ordered the distribution of the funds, as to those claims, to be suspended until further order; it was accordingly suspended for sixty days, when he again referred the accounts to the auditor to state a final account, and the auditor stated another account, which, upon its being reported, was ratified, and the funds ordered to be distributed accordingly. HELD, it was too late for such creditors to apply to the court to rescind the audit, and refer the case again; that after filing their claims, it was their duty to attend to them, and sustain them in due time by proper proof, or take the consequences.

Where funds still remain in the hands of a trustee, a creditor who has no knowledge of an audit, may apply to the chancellor for a new reference, and claim to participate upon due proof of his demand: but the general rule is different after final ratification as to one whose claim has been first suspended, and afterwards rejected for want of proof.

A party who knows of proof within his power, and neglects to produce it, cannot call upon a court of law for a new trial.

APPEAL from the court of Chancery.

On the 1st of February 1832, a bill was filed in the court of Chancery, by *Robert Welch of Ben,* a creditor, for the sale of the real estate of *Samuel Harrison,* deceased, for the payment of his debts, the personalty being insufficient for that purpose. A decree passed accordingly on the 30th of March of the same year, appointing the appellee a trustee to make the sale, who on the 29th of May following, made his report thereof, which was finally ratified and confirmed on the 1st of April 1833.

The case having been referred to the Auditor, that officer made his report to the Chancellor on the 31st of January 1834, in which he stated, that the claim of the appellant against the estate of *Harrison,* is not proved as the act of Assembly requires, and distributing the proceeds among other creditors of the deceased.

On the 6th of March 1834, the Chancellor *(Bland)* ratified this report, directing the trustee to apply the proceeds accordingly, except, as to the claim of the appellant and others

similarly situated, which he directed to be suspended, until further order.

On the 8th of May, 1834, the cause was again referred to the Auditor by order of the Chancellor, with directions to state a final account, rejecting all claims not sufficiently authenticated, and to which the objections theretofore made, had not been removed.   And in obedience to this order, the auditor, on the 14th of the same month, reported an account, excluding the appellant's claim, which report, was on the 20th ratified and confirmed, and the trustee directed to apply the proceeds with interest accordingly.

On the day following, the 21st of May, the appellant filed a petition to the chancellor, praying that the auditor might be directed to review his accounts, and allow his claim, or its proportion, the fund being inadequate to pay more than a small dividend upon the claims, upon the ground that his claim was sufficiently proved, and that he had no notice of the orders of the 6th of March, and 8th of May, 1834, until after the final account of the auditor was reported.   This petition the chancellor dismissed with costs, the same day.

On the 3d of June, 1834, the appellant again petitioned the chancellor, praying that the orders of the 8th and 20th of the preceding May might be rescinded, so far as to admit his claim to a dividend, and that he might be permitted to except to the auditor's report of the 31st of January then last.   In this petition he reiterated his ignorance of the orders of the 6th of March, and 8th of May; and stated, that he was also ignorant of the account of the 14th of May, and of the order thereon of the 20th, until after the date of the last mentioned order, and supposed until then, that his claim was properly authenticated.   With this petition he submitted his claim with additional proof, and stated, and shewed by the certificate of the trustee, that the fund was still in his hands undistributed. The petitioner likewise offered to be charged with any expense, that might be occasioned by stating a new account. This petition was by *Bland*, Chancellor, also dismissed with costs.

The petitioner then appealed from the orders of the 21st of May and 3d of June, 1834, and from so much of the order of the 20th of May of the same year, as rejected his claim.

The cause was argued before BUCHANAN, Ch. J. and STEPHEN, ARCHER, DORSEY, and SPENCE, Judges.

BREWER for the appellant contended, that agreeably to the practice of the court, and upon principles of equity and justice, the audit ought to have been opened, the fund being still in the hands of the trustee.    2 *Brown Ch. Rep.* 825.

No counsel argued for the appellee.

BUCHANAN, chief judge, delivered the opinion of the court.

The case is strictly this.    The defendant *O'Hara,* the administrator of the estate of *Samuel Harrison,* was appointed by the chancellor a trustee also, to sell the real estate of *Harrison* for the payment of his debts, whose sale being ratified, the auditor stated an account, distributing the funds in the hands of *O'Hara* among certain of the creditors, but omitting with others, the claim of the appellant, which had been filed in the case, and to which he objected in his report for the want of proof.    That report was ratified by the chancellor, and the rejected claims suspended until further order. After which, the case was referred by an order to the auditor, directing him to state a final account, rejecting all claims not sufficiently authenticated, and to which the objections before made should not be removed.    Under that order, the auditor stated and reported a final account, again rejecting the claim of the appellant, for want of authentication; which was ratified by the chancellor, no exception to the account being taken.

The appellant then filed a petition, praying that the auditor might be directed to review the final account so ratified, and to state another allowing his claim, without further proof, which was dismissed by the chancellor.

And afterwards, the fund being still in the hands of *O'Hara* the trustee, he filed a second petition, stating that his claim was then sufficiently proved, exhibiting the proof, and praying that the order of ratification might be rescinded; another account stated; and his claim allowed; or that he might be permitted to except to the report of the auditor, that had been finally ratified; which petition was also dismissed by an order of the chancellor, and from that order the appeal is taken.

If the claim of the appellant had not been submitted to the chancellor, and passed upon before the funds still remaining in the hands of the trustee, &c., it would have presented a different case. Not being presumed to have a knowledge of the *ex parte* proceedings, he would not have been concluded by them, but would have had a right to come in for participation with the rest of the creditors. But here a knowledge of the proceedings is brought home to him; with that knowledge he had exhibited and filed his claim, but without proof to substantiate it. It had been suspended for want of sufficient proof; and under the order directing the statement of a final account, he might have had it allowed by furnishing the requisite proof to establish it, which he neglected to do. It is not enough to say, that he had no notice of the action upon it in chancery, before the final ratification of the auditor's report. If he had no such notice it was his own fault; he had filed it in the cause, and should have attended to it; it had been suspended for further proof, which with proper attention and due diligence, he might have furnished; it has been adjudicated upon, and finally rejected through his own negligence, and he has only himself to complain of. In dismissing the petition, the chancellor exercised a discretion, necessary to the due administration of justice in that court.

Individual cases may sometimes occur, in which the rule not to open an account, after final ratification, on the application of one whose claim had been first suspended, and ultimately rejected for want of the necessary proof to sustain it, might

appear to operate harshly, and there may be cases, in which it would, and ought to be relaxed.

But as a general rule, it is a good one, to prevent vexatious delay, and an accumulation of costs, by putting claimants upon an exertion of vigilance in procuring and producing the proof required to establish their claims. A different rule would be productive of negligence, and attended with inconvenience and embarrassment. And we can perceive nothing to be complained of in the application of it to this case.

The appellant knew, or might have known with proper attention, that his claim had been suspended for the purpose of letting in proof to support it, and if he neglected to attend to it, he has himself to blame. It may be assimilated to the case of a refusal by a court of law to grant a new trial, on the application of a party, who had neglected to procure and produce the necessary proof, known to him, and within his power; which is done every day, otherwise there would be no end to litigation.

ORDER OF THE CHANCELLOR AFFIRMED.