NATHANIEL WILLIAMS, AND OTHERS, vs. DANIEL B. BANKS, AND OTHERS.

After a decree has been enrolled, this Court will not entertain an application to vary it, except upon consent of all parties, or in respect of matters which are of course.

Where the object of the application is to have the decree reviewed and altered in a material and substantial particular, under the well settled rules by which this Court must be governed, such an application will not be granted after the term has passed, and the decree has been enrolled.

APPEAL from the Circuit Court for Baltimore city.

This case arises on a petition and motion to reform a decree of this Court, passed at the June Term, 1862. The case is stated in the opinion of this Court.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Thos. S. Alexander* and *Robt. J. Brent,* for the motion:

On the last appeal in this cause, this Court reversed so much of the decree of the Court below as allowed one of the claims established by him, and affirmed all the residue of his decree, but remanded the case for *the execution of the decree* of the Circuit Court, *as far as affirmed,* and for the purpose of allowing the complainant, Banks, a *second* opportunity to establish his claim No. 4.

The cause being remanded, the trustees bonded, and notwithstanding the complainants had remanded the commission for further proof of the rejected claim, chose to treat the case as if this Court had rendered a final decree, ordering the sale, instead of an interlocutory decree, merely affirming all the claims established below except one, and remanding the cause under the Act of 1832, and therefore they have *ex mero motu* advertised the property for sale, under the old reversed and annulled decree of the Circuit

Court, affirmed, as their advertisement states, by this Court.

Judge Martin dismissed our petition to stay the sale, because, as he stated verbally, the phraseology of the decree of this Court was final, and he could not look behind it, but suggested that it was not too late to apply to this Court to amend the form of the decree, and make it interlocutory, under the Act of 1832, and we now so maintain, by analogy to the power of Courts of Law. See Act of 1787, ch. 9, sec. 6, and, upon general principles of equity, 2 *Smith's Ch. Pr.*, 15. We maintain that the case stands, in principle, the same as if this Court had affirmed Judge Krebs, so far as one claim was allowed by him, and had reversed him as to all the residue, just as they did on the first mandate. See *Dowling vs. Smith*, 11 *Md. Rep.*, 249. His decree would be in part reversed and in part affirmed, and the cause remanded for further proceedings.

Reversing or affirming, will not determine the cause finally, and it should be remanded under the Act of 1832. The authorities are as follows: Before the Act of 1832, this Court, reversing in part and affirming in part, remanded the cause that its decree might be carried out by the Court below, in conformity with the appellate decree. *Chase vs. McDonald*, 7 *H. & J.*, 198, 199. And so since the Act of 1832, where the decree, by being affirmed, simply required to be executed. *McDonald vs. Goldsmith*, 6 *Md. Rep.*, 346.

Where no further proceedings are necessary, it is the duty of the Court of Appeals to pass *such final decree* as the Court below ought to have done. *Ellicott vs. Ellicott*, 6 *G. & J.*, 35. *Griffith vs. Frederick Co. Bank*, 6 *G. & J.*, 424. *Dorsey vs. Smith*, 7 *H. & J.*, 368, 369. *Oliver vs. Palmer*, 11 *G. & J.*, 426.

In all other cases, whether the Court of Appeals affirm

or reverse, and the cause is remanded for further proceedings, looking to a final determination of the cause, the final decree is to be rendered in the Court below in conformity with the points ruled in this Court, and the *former decree* of the Court below is annulled, and a new decree must be passed. *Harris vs. Harris,* 6 *G. & J.,* 111. *Lyles vs. Hatton,* 6 *G. & J.,* 122. *Chaney vs. Tipton,* 11 *G. & J.,* 253. *Buchanan vs. Torrence,* 11 *G. & J.,* 342. *Kent vs. Taneyhill,* 6 *G. & J.,* 1. *Dugun vs. Gittings,* 3 *Gill,* 165. . *Mong vs. Bell,* 7 *Gill,* 246. *McClellan vs. Crook, Ibid.,* 341. *Owings vs. Baldwin,* 8 *Gill,* 347.

Where the Court of Appeals reversed on demurrer to bill, and remanded the cause, that the Court below might refer it to the auditor, to state an account of the complainant's claim, and the decree was silent as to the defendant's right to answer, the defendant was allowed to answer on the merits, though it would have been more regular for this Court to have remanded it, for the purpose of an answer. *Tolson vs. Tolson,* 10 *G. & J.,* 159. Same case, 8 *Gill,* 389. *Young vs. Frost,* 1 *Md. Rep.,* 394. *Doub vs. Thomas,* 1 *Md. Rep.,* 325. *Campbell vs. Lowe,* 9 *Md. Rep.,* 511. *Gen. Ins. Co. vs. U. S. Ins. Co.,* 10 *Md. Rep.,* 528. *Ward vs. Hollins,* 14 *Md. Rep.,* 166.

Where a cause is remanded, without affirming or reversing, it stands as if no former decree had been passed. *Dennis vs. Dennis,* 15 *Md. Rep.,* 149. That is our very case; it was remanded, and neither reversed nor affirmed, that is, *in toto.* In other words, the reversal or affirmance *pro tanto,* did not enable this Court to pass a final decree. The decree in this Court was interlocutory, as was that of the Court below. The decree is interlocutory as long as any part of the case remains open. *Hatton vs. Weems,* 10 *G. & J.,* 377. *Lee vs. Pindle,* 12 *G. & J.,* 288.

*James Malcolm* and *St. Geo. W. Teakle*, against the motion:

The decree of the Court of Appeals was intended to be a final decree, and the Court had the power to pass such final decree in the premises. The petitioners admit that the language of the decree would make it final, but contend that it was not so intended. *Dugan vs. Gittings*, 3 *Gill*, 165. *Buchanan vs. Torrance*, 11 *G. & J.*, 345.

BARTOL, J., delivered the opinion of this Court:

The decree in this cause was passed by this Court at the June Term, 1862. In conformity with its directions, the cause was remanded to the Circuit Court for Baltimore city, in order that the decree of that Court, from which the appeal had been taken, in so far as the same had been affirmed, might be executed. It appears from the petition now filed, that after the cause had been remanded, the trustees named in the decree executed bonds which were approved, and then proceeded to advertise the property for sale. Whereupon a petition was filed by the appellant, Williams, in the Superior Court of Baltimore city, (before which the cause had been in the meantime removed, under the Act of Assembly,) praying that Court to restrain the trustees from proceeding to sell the property; that petition was dismissed. The learned Judge of that Court construing the decree of this Court to be final, as to all matters therein adjudged and decreed, refused to interfere with its execution by the trustees.

Now this petition has been filed for the purpose of having the decree of the 13th of November 1862, revised and reformed, for alleged error, mistake, or inadvertence in passing the same. The supposed error is alleged to consist in an omission to remand the cause under the Act of 1832, "without affirming or reversing the decree appealed from," which it is suggested in the petition ought to have

been done, instead of making the decree final upon all matters conclusively determined, and directing it to be executed.

In the case of *Lovejoy vs. Irelan*, decided at the present term, (*ante page* 56,) this Court has had occasion to consider the rules and principles governing Courts of Equity in applications like the present. We then said, "that after a decree had been enrolled, the Court will not entertain any application to vary it, except upon consent of all parties, or in respect of matters which are of course."

The petition in this case, unlike that in the case cited, does not ask for the correction of a mere clerical error, but its object is to have the decree reviewed and altered in a material and substantial particular. Under the well settled rules by which this Court must be governed, such an application could not be granted after the term has passed, and the decree has been enrolled.

A recurrence to the terms of the petition, and the grounds on which it is based, and to the course of argument pursued by the learned solicitors in its support, makes it proper to say, that the decree complained of was most fully considered in all its parts, and expresses the result of the most careful consideration we were able to give the subject. As its language imports, it was meant to be *final* upon all matters therein determined, and the direction contained in the mandate of this Court, that the decree of the Circuit Court, so far as thereby affirmed, should be executed, was also fully considered. It was not the intention of this Court to remand the cause under the Act of 1832, without affirming or reversing. Nor was it considered either necessary or proper to pursue that course. The only error found in the decree appealed from, was in improperly allowing one claim of the appellee, Banks, for $2,000, without sufficient proof. In that particular, only, was the decree below reversed. In all other respects it was affirmed,

DECEMBER TERM, 1862. 529

and a final decree passed, reserving for future consideration and decision the claim that was disallowed, with leave to the claimant to offer further proof in its support.

As to the power of this Court to pass such a decree, we entertain no doubt; nor have we ever doubted the propriety of passing such a decree in this case.

Although the action of the Judge of the Superior Court upon the petition filed in that Court, is not properly before us for review in this form, we deem it proper to say, that his honor has construed the decree correctly.

*Petition dismissed, with costs.*

