Miller, J.,
delivered the opinion of the court :
The court below dismissed the appellants’ petition praying that an order finally ratifying an auditor’s account be vacated and the trustees prohibited from distributing the fund as thereby directed. A suit was instituted for a sale of the real estate of an intestate for the purpose of partition, the heirs-at-law *being the only parties thereto. The land was sold under the decree, and the account distributed the proceeds to the heirs, and was finally ratified October nth, 1865. The appellants claiming to be simple contract creditors of the deceased, filed their present petition on the 15th of February 1866, after the order of ratification had become enrolled. The propriety of the court’s action in dismissing this petition is the only matter before us on this appeal, and depends mainly upon the question whether the petitioners were parties to the suit at the time the account complained of was stated and ratified.
If we should concede these petitioners became parties to the proceedings by their first petition of the 17th of May, 1859, *16 we have no doubt they ceased to be so upon filing their second petition of the 7th of September of the same year, and the court’s action thereon. They thereby consented and agreed m effect, that their first petition should be dismissed and the sale be at once made under the decree, provided their friend and solicitor, Mr. Keech, was appointed one of the trustees, so as to be thus placed in a position to watch over and protect their interests. This was granted them, and Mr. Keech was accordingly appointed co-trustee with Mr. Dorsey, by an order of court passed on this petition and by agreement of parties. Thenceforth, they were dismissed as parties to the cause. No express'order dismissing their first petition was required, for such was the necessary consequence of their consent and agreement contained in their second petition and the court’s order thereon. It would be trifling with the action of the court to place any other construction upon it. Nor were they restored to the position of parties by the subsequent agreement of the 1st of April, 1863, by which Mr. Clarke was appointed trustee in place of Mr. Keech. Instead of re-instating them as parties, the only effect of this latter agreement was to continue the arrangement under which they had been dismissed from the case.
The objection to the account and the order ratifying it, based on the ground that it was stated and ratified without *notice to these petitioners, is disposed of by the fact that they were not parties to the cause and, therefore, not entitled to such notice. The objection that the order finally ratifying the sale did not contain a clause referring the case to the auditor, and that his statement of the account was, therefore, irregular, is also untenable. The practice in such cases is correctly stated in Alex. Ch. Pr. 156, according to which this account was regularly stated and ratified. All the allegations of the petition founded upon the supposed irregularity in the order dismissing the creditors’ bill, filed by these same parties, and referred to in the auditor’s report accompanying the account are disposed of by our decision on the appeal in that case, in which it was decided that the bill was rightfully dismissed under the rule “ further proceedings.”
But it has been strongly argued that the fund being still in the hands of the trustees, and under the control of the court, the order of ratification should be opened in favor of these *17 parties and an opportunity allowed them to come in and prove their claims. The chancery practice of re-stating and re-opening accounts in cases of creditors’ bills, in favor of a creditor whose claim has been rejected for want of sufficient proof, is relied on in support of this position. These petitioners, notwithstanding they had been dismissed as parties, were undoubtedly entitled to come in and assert their claims to the fund, but they were bound to do so at the proper time, and to the exercise of due diligence in the prosecution of their rights. It seems to have been decided in Marbury v. Stonestreet, 1 Md. 158, where all the cases are reviewed, that an order like this cannot, after enrolment be vacated upon petition and that a bill either original or of review is required in such cases. But this question need not be decided here, because, whether this petition be treated as itself assailing the order, or as asking for leave to file a bill of review, it is very clear no sufficient case has been made out to warrant any interference with that order. None of the authorities referred to in argument, present the case of an account ever having *been opened after enrolment of the order of ratification, upon the application of a creditor whose claim had been rejected or was then for the first time presented. The general rule in such cases is, that after final ratification the account will not be re-opened, but it has been said individual cases may occur where this rule ought to be relaxed. In Kent v. O’Hara, 7 G. & J. 212, where this statement was made, the application was refused, but it had been made before the term had passed, though after the order of final ratification. In Dixon v. Dixon, 1 Md. Ch. 273, the application was granted, but it was made before confirmation of the auditor’s report, and the Chancellor there says it is not a matter of course to let in further proof in support of claims, in the interval between the final report of the auditor and its ratification, but the circumstances need not be so strong in such a case as where the report has been ratified, “ for then it is res adjudícala, and though the fund may yet be under the control of the court, the party asking for a re-hearing must come armed with circumstances sufficiently strong to acquit him of the blame, apparently imputable to him, for not offering his proof at an earlier stage of the cause.” In what position do these parties stand ? They had filed a creditors’ bill to enforce *18 .their claims against the real estate of the deceased, which they suffered to be dismissed for want of prosecution. They had ample notice of the institution of this suit by the heirs-at-law, and by their own agreement and consent were dismissed as parties thereto. Their attorney and solicitor was, at their instance, appointed one of the trustees to sell the property under the decree in this case, for the express purpose of watching over and protecting their interests. This trustee participated _ in making and reporting the sale, and ’in the receipt of the purchase money, and moreover had, as the record shows, full and actual notice of the passage of the order ratifying the account, distributing the proceeds of sale to the heirs, several weeks before that order became enrolled by the lapse of the term, and nearly three months before the ^present petition was filed. Under such circumstances they are not entitled to relief and the order appealed from must be affirmed.

Order affirmed.

Stewart and Robinson, JJ., dissented.