## AUGUSTUS M. PRICE, Trustee of Joseph C. Wilson & Co. v. THE MERCHANTS' BANK OF BALTIMORE.

### Decided July 2nd, 1868.

AUDITOR'S ACCOUNTS ; CREDITORS' CLAIMS ; DISTRIBUTION OF FUND ; CREDITOR OMITTED. DECREES ; ENROLLED ; TO BE VARIED ONLY BY CONSENT.

Where the fund to be distributed remains in court, the application of a creditor whose claim has been overlooked or omitted, if he have been guilty of no *laches*, is entitled to favorable consideration, and the claim will always, upon the institution of proper proceedings, be allowed to participate in the distribution. (a)     p. 375

But after a decree has been enrolled, the general rule is, that the court will not entertain any application to vary it, except upon consent of all parties or in respect to such matters as are of course. (b)
      p. 375

(a) See Miller's Equity Procedure, p. 467.
(b) See Miller's Equity Procedure, pp. 357, 358.

Appeal from the Circuit Court of Baltimore City.

On the 7th of April, 1857, Joseph C. Wilson and R. W. Hyman, co-partners, trading as J. C. Wilson & Co., made a deed to Augustus M. Price, in trust for the benefit of their creditors, whom they classified in three schedules, A, B and C. The appellee was a preferred creditor of the first class in schedule A. Their deed was assailed by certain unpreferred creditors, but was sustained by this court. *Price v. Deford,* 18 Md. 489. Subsequently, on the 23rd of March, 1863, the trustee, A. M. Price, filed *his petition in the Circuit Court of **370** Baltimore City, reciting the facts, and praying that that court would assume jurisdiction of the matter and permit the estate to be settled by him under its supervision. The court assumed jurisdiction as prayed. After some interlocutory proceedings, an amended auditor's account, called account A, was filed on the 2nd of February, 1864, and on the 15th of February, 1864, it was finally ratified. By this account the whole trust fund was awarded to four of the preferred creditors, the trustee himself being one of them. On the 7th of April, 1864, James Hooper & Sons, William B. Norris and the Citizen's Bank, the three creditors, who, with the trustee, had absorbed the whole trust fund, filed a petition stating that the trustee had used the property for his own purposes; that they had called on him for their dividends under account A; that he had paid only part of them; that he was justly chargeable with interest, and praying that the money should be brought into court. Upon this petition, the court, on the same day, passed an order directing the trustee to bring the money into court on or before the 22nd of April, 1864, or show cause to the contrary.

On the 15th of April, 1864, the appellee filed a petition and claim, under oath, stating that since the filing of the auditor's report, of which it had no notice, it had discovered that two promissory notes held by it and included in schedule A, had been omitted from the report, and praying that the case might be remanded to the auditor for the statement of a new account, in which it might be allowed its due proportion of the trust fund *still in the hands of the trustee.* On the same day, the court passed an order that the said *account be referred to the auditor, to state another account, according to the views expressed in the appellee's petition.* On the 11th of May, 1864, the auditor

filed his report with account B, and supplemental account B, in which a dividend was allowed the appellee. An order of ratification *nisi* was passed on the same day. On the 20th of May, **371** 1864, the three creditors, *Hooper, Norris, and the Citizens' Bank, filed exceptions to account B, and supplemental account B, which, on the 8th of November, 1864, were withdrawn.

Nothing further was done in the case until the 9th of March, 1866, when the trustee filed two exceptions to account B, and supplemental account B. The second exception is omitted, inasmuch as no testimony was offered in its support, and it was virtually abandoned. The first exception was as follows:

Because the order of the 15th of February, 1864, upon the account stated by the auditor  the 22nd of January, 1864, and filed in court, and ratified   on the 2nd of February, 1864, was and is a final order, made, passed and enrolled at and during January Term, 1864, of this court, which has long since elapsed and passed; and because the said order has never been opened or rescinded, nor has any appeal been taken therefrom, nor was any application made to review or open said order, at or during the term at which it passed and was enrolled, nor within nine months thereafter.

On the 29th of January, 1867, the court (Alexander, J.) passed an order overruling the trustee's exceptions, and finally ratifying account B, and supplemental account B. From this order the trustee appealed.

The cause was argued before Bartol, C. J., Stewart, Brent, Miller and Robinson, JJ.

*William Parkin Scott,* for the appellant:

The final order of ratification made and passed on the 15th of February, 1864, during the January Term of the court, not having been opened, or objected to, until after the said order had been enrolled, and the term at which it was made, had passed, could not afterwards, and after the commencement of the next term, to wit: March Term, 1864, be reviewed, opened or rescinded, except upon bill of review, for error of law apparent, or for newly discovered testimony. *Lovejoy v. **372** Irelan,* 19 Md. 57; *Williams v. Banks,* 19 Md. 528; *Pfeltz v.*

*Pfeltz,* 1 Md. Ch. 457; *Ducker v. Belt,* 3 Md. Ch. 19; *Kent v. O'Hara,* 7 G. & J. 212, 213, 215.

It has been permitted to open an order ratifying an account, during the term, for the purpose of letting in a creditor who was not in default, but never after the expiration of the term at which the order had been made. *Ohio Life Ins. & Trust Co. v. Winn,* 4 Md. Ch. 260, 263, 265. In this case a final account had been ordered to be stated, and was stated, *but not ratified,* when the application was made to open it.

If there should be another dividend, then this claim could be let in and made equal; but the application to open the final order of ratification came too late; the trustee, the appellant, paid the other creditors as directed by the court, and under a threat of attachment.

*Arthur George Brown* and *John P. Poe,* for the appellee:

The order of April 15th, 1864, referring account A to the auditor for the statement of a new account in conformity with the petition and proof of the appellee, was rightfully passed; it was an opening and rescission of the order of February 15th, 1864, and properly let the appellee in to its dividend, notwithstanding the January Term had ended:

1st. Because the trust fund was then still undistributed.

2nd. Because the appellee was no party to the cause when account A was finally ratified—as to it, such order was *ex parte,* merely, and therefore not conclusive.

3rd. Because the technical rule invoked by the appellant, which forbids the opening of an enrolled order or decree, does not apply to the distribution of a trust fund still in the hands of the trustee, and subject to the control of the court. In such a case, an order remanding the case to the auditor, that other *bona fide* creditors may participate in the distribution of the fund, is a *matter of course,* and therefore not within the \*rule. *Lovejoy v. Irelan,* 19 Md. 57; Alexander's Ch. **373** Pr. 143; *Ohio Life Ins. & Trust Co. v. Winn,* 4 Md. Ch. 263; *Greig v. Somerville,* 1 Russ. & Mylne, 338.

4th. Because a Court of Equity has a right, upon application to vacate its enrolled orders, as a Court of Law has to strike out its enrolled judgments, in the exercise of a sound judicial

discretion, and in subordination to the right of appeal in the party objecting.

The order of April 15th, 1864, even if originally irregular and erroneous, and such as upon appeal would have been reversed, cannot now be treated as a nullity. By the lapse of the term at which it was passed, it has itself become an enrolled order, and can now be neither appealed from, nor disregarded. It is the unreversed and irreversible law of the case, and must control the controversy, and this without reference to the question, whether, if objected to in due season and in the appropriate manner, it could have been vacated. *Henderson v. Gibson,* 19 Md. 234.

Whether, if objected to, the order of April 15th, 1864, could or could not have been impeached, its validity cannot now be drawn in question, because no objection, in point of fact, ever has been made to it up to this day, although from the time of its passage it was well known to all the parties in the cause, including the appellant, the trustee. His exceptions as filed are exceptions not to it, but to the auditor's account reported in obedience to it, and consequently it stood unaffected by them.

Bartol, C. J., delivered the opinion of the court.

The appellant filed two exceptions to the ratification of the auditor's account B and supplemental account B, by which a proportion of the trust fund was allowed to the appellee. The second exception is based upon a statement which has been disproved by the testimony of Messrs. Waters, Frick and 374 Emory, all of whom unite in proving that the *filing of the appellee's claim was known to the appellant before he paid the money to the creditors, among whom the fund had been distributed by account A. Whether known to him personally, which it is hardly possible to doubt, is not material; it is shown conclusively that it was well known to his solicitor in the cause, whose knowledge must be imputed to the appellant, and precludes him from all equitable claim to protection by reason of his having paid over the money to the other creditors. This exception to the allowance of the appellee's claim has been virtually abandoned on this appeal. No point is made upon it in

the brief of the appellant; and in the face of the positive evidence in the record, this exception could not be for a moment considered. By the terms of the deed of trust the fund was expressly appropriated to the payment of the debt due to the appellee, which is named among the preferred creditors. The trustee had notice therefore on the face of the deed of the appellee's claim, and after it had been filed in the cause, with full notice thereof, and without waiting for the court's order, he went on to pay the money to other creditors. The evidence clearly shows that such payment was not made in good faith; but was the result of an arrangement or compromise made by the trustee for his own benefit with the other creditors, without the knowledge of the appellee and in utter disregard of its rights. It is very clear, upon principles of the plainest equity, that the appellant can claim no exemption on account of payments made under such circumstances; and that he must be treated, so far as the rights of the appellee are concerned, as if the fund was still in his hand; unless he can claim relief by reason of the ratification of account A. This raises the question presented by the appellant's first exception, the only one that seems to be relied on in the argument.

The report of the auditor and account A, was finally ratified on the 15th of February, 1864. No further proceedings were had until the term had elapsed, whereby the order had become enrolled, and the rights of parties ascertained *and de- **375** termined. *Marbury v. Stonestreet,* 1 Md. 158; *Tomlinson v. McKaig,* 5 Gill, 256. The general rule is that " after a decree has been enrolled, the court will not entertain any application to vary it, except upon consent of all parties or in respect of matters which are of course." *Lovejoy v. Irelan,* 19 Md. 56; *Williams v. Banks,* 19 Md. 528. How far this rule is applicable to decrees or orders distributing a fund in court, has not been precisely determined in this State. In *Marbury v. Stonestreet,* 1 Md. 158, it seems to have been decided that such an order after enrolment cannot be vacated upon petition, but that an original bill or bill of review would be necessary. All the authorities concur in asserting the principle that where the fund remains in court the application of a creditor, whose claim has been overlooked or omitted, if he has not been guilty of *laches,* is entitled to favorable consideration, and will always,

upon the institution of proper proceedings, be allowed to participate in the distribution. *Gillespie v. Alexander,* 3 Russ. 130; *Lashley v. Hogg,* 11 Ves. 602; *Angell v. Haddon,* 1 Madd. Ch. 285; *Sawyer v. Birchmore,* 1 Keen, 391, 402, 825; 2 Daniells Ch. Pr. 1199, 1204; *Kent v. O'Hara,* 7 G. & J. 212. In *Whelan v. Cook, ante,* p. 12, the petitioning creditors were denied the right to come in and have the final order of ratification opened, after the term had passed; on the plain ground that with full notice they had been guilty of *laches* and delay in presenting their claims.

In this case there had been no *laches* on the part of the appellee. The record shows that it was ignorant of the proceedings until after account A had been ratified. After the enrollment of that order, upon the petition of Hooper & Sons, Wm. B. Norris and the Citizens' Bank, (the creditors to whom the fund had been distributed by account A,) the Circuit Court, on the 7th of April, 1864, passed an order directing the trustee to bring the money into court, and requiring him to answer **376** the petition which charged him with *a misappropriation of the trust fund, and sought to charge him with interest thereon. While these proceedings were pending, the appellee came in by petition, exhibiting its vouchers, and claiming to participate in the trust fund, and on the 15th of April, 1864, the Circuit Court passed an order *"that the said account be referred to the auditor, to state another account, according to the views expressed in the appellee's petition."* Whereupon the auditor stated account B and supplemental account B, which were ratified *nisi* on the 11th of May, 1864. By this account, a dividend was allowed to the appellee. On the 20th of May, 1864, the three creditors, Hooper, Norris and the Citizens' Bank, filed exceptions to account B, which were withdrawn on the 8th of November, 1864. Nothing further was done till March, 1866; when the appellant filed his two exceptions to the accounts B.

It has been argued that the original account A having been ratified, and the term having passed, it must stand as the final decree, and that the subsequent proceedings were irregular and void. The order of the 15th of April, 1864, must be construed as a rescission of the previous order of the 15th of February, 1864, and its effect was to re-open the audit, and admit

the appellee to come in and participate in the fund; and if it be conceded that it was irregularly passed, still no appeal was taken from it in time, nor any objection made to it till nearly two years had elapsed. It was then too late for the appellant to make his objection. The appellee's claim being clearly established as equitably entitled to a share of the trust fund, and the appellant being precluded by the lapse of time from objecting to the order of the 15th of April, 1864, whereby the previous order of ratification of the 15th of February, 1864, was in effect rescinded, and the audit re-opened, we are of opinion that the exceptions of the appellant were properly overruled, and that the order appealed from ought to be affirmed.

*Order affirmed.*

---

*DUNCAN McPHERSON *v.* WILLIAM J. LEON-  **377**
ARD, Comptroller.

*Decided July 3rd, 1868.*

CONSTITUTIONAL LAW ; STYLE OF ACTS OF ASSEMBLY.

The provision in sec. 29, Art. 3, of the Constitution, that, "The style of all laws of this State shall be, 'Be it enacted by the General Assembly of Maryland,'" is directory only, and not mandatory, and the omission from the enacting clause of an Act of Assembly, of the words, "by the General Assembly of Maryland" does not render the Act unconstitutional and void. (*a*)                                             p. 389

An Act of Assembly authorizing the Comptroller to pass upon and audit certain claims, the nature and character of which are therein specified, and to draw his warrant upon the Treasurer in favor of each claimant, for the amount found by the Comptroller to be justly due to said claimant, said warrants to be paid out of any money thereafter in the Treasury not otherwise appropriated, provided the whole amount of said warrants should not exceed $300,000, is within the requirements of sec. 32, Art. 3, of the Constitution.                         pp. 389, 390

---

(*a*) Cited in *Maxwell v. State*, 40 Md. 302. See *State v. Baltimore, County, post*, p. 523. Cf. *Archer v. State*, 74 Md. 449, where the case in the text is held not to be a controlling authority upon the question of directory and not *mandatory* provisions in the Constitution.