# NICHOLAS G. PENNIMAN *vs.* WILLIAM H. COLE, Receiver, and A. C. WORTHINGTON, and others, Creditors, of F. B. LONEY & COMPANY.

*Purchaser from Receiver relieved against a Mistake, fund being still in Court—Effect of rescission of an order of Court.*

The receiver of an insolvent mercantile firm, had included in the list of assets certain debts which in fact belonged to an old firm of the same name. P., the purchaser of the whole assets unsuccessfully attempted to maintain his claim to these debts, or to hold them as a set off against an indebtedness of

the old to the new firm. (40 *Md.*, 475.) A certain sum was retained from distribution ·to await the result of this contention, but, before the final decision, an account was finally ratified in October, 1872, distributing the fund so retained. No action was, however, taken under it, and in March, 1873, the receiver paid the money into Court. On the 18th of October, 1873, a claim was filed by an auctioneer against the fund in Court for services rendered the receiver, and on this petition, the Court on the 30th of October, ordered that. the matter be referred to the auditor, and that the order of ratification of the account be rescinded. A week before the passage of this order P. filed his petition claiming an abatement of the purchase money on the ground of the above mentioned mistake. Upon appeal from an order dismissing his petition, it was HELD :

1st. That the term of the order of rescission being unconditional, its operation was absolute and complete for every purpose.

2nd. That the purchaser, having presented his claim in due time and in the proper mode, was entitled to the relief prayed.

Where an officer of a Court of Equity has made a mistaken representation of the value of property sold by him, the inquiry is not whether he knew such statement to be false, but whether the statement made as true, was believed to be true, and therefore, if false, deceived the purchaser. In such case the Court must protect the purchaser.

APPEAL from the Circuit Court of Baltimore City.

The facts are sufficiently stated in the opinion of the Court. Reference may also be had to the case of *Penniman vs. Loney*, 40 · *Md.*, 475, involving the same subject-matter. In addition to the grounds stated in the opinion of this Court, the Court below, (PINKNEY, J.,) referred, in dismissing the petition of the appellant, to the fact that the account of October, 1872, distributing the fund at first reserved, had been finally ratified without objection on his part.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, MILLER and ALVEY, J.

*Robert A. Dobbin* and *Frederick W. Brune*, for the appellant.

*Benjamin C. Barroll*, for the appellees.

MILLER, J., delivered the opinion of the Court.

The appellant's claim is now presented in an entirely new phase. On former occasions he has unsuccessfully insisted, *first*, that these debts formed part of the assets of the new firm and therefore passed to him by his purchase and the receiver's deed, and *secondly*, he claimed the right to retain what he had collected of them as a set-off against an alleged indebtedness of the old to the new firm. He now claims an abatement of $2500 from the purchase money upon the ground that the receiver, prior to and at the time of his purchase, represented to him that these old debts to the estimated value of $2500, constituted part of the assets which were to be sold, and that his offer to purchase which was accepted by the receiver and the Court, was made upon the faith of this representation and under the belief that it was true. The testimony sustains this position. It is clearly shown that an itemized statement, in the hand-writing of the receiver of the assets which he professed to sell, and in which appeared the item "$2500 estimated value of old debts," was shown by the receiver to the appellant, and that this item formed a material inducement to his purchase. There is also no doubt that this representation was made by the receiver in good faith, and that he, as well as the appellant, thought these debts constituted part of the property which he was directed by the Court's order to sell. In this it turned out he was mistaken, but this mistake though innocently made, does not deprive the purchaser of the equity he now claims of a proportionate abatement of the purchase money. The inquiry in such cases is not whether the party making the statement knew it to be false, but whether the statement made as true was believed to be true, and therefore, if false, deceived the party to whom it was made. In such case where the sale is made by the Court through its officer, it

is the duty of the Court to protect a purchaser who deals with it in good faith. In this respect the case is covered by the decisions in *Marbury vs. Stonestreet*, 1 *Md.*, 147 and *Kent, et al. vs. Carcaud*, 17 *Md.*, 291. We see nothing in the fact that most of the creditors agreed to accept the offer made by the appellant, and united in the request to the Court for an immediate ratification of the sale, nor in any of the surrounding circumstances which ought to make this an exceptional case so as to prevent the application to it of this well settled equitable doctrine. In our judgment the appellant is entitled to the equity he nows claims unless he has lost the right to assert it by *laches*, or has failed to present it in the proper mode. But it cannot be disputed that he has been diligent in asserting a claim to these debts in one form or another. He had the undoubted right to insist, as he did immediately after his purchase, that all of them passed to him under the receiver's deed. In this he was successful in the Circuit Court, but was defeated by the decision of this Court, on appeal taken by the opposing party, Mr. Loney, the sole representative of the old firm and who also claimed them. He also had the right to raise the further question of set-off. The fact that he was not ultimately successful in these efforts furnishes no reason why he should not avail himself of the equity he now sets up, and, in our opinion, he is entitled to it unless the fund has, in the meantime, passed from the control of the Court under a final distribution to the creditors. But the record shows this is not the case.

When the controversy between the appellant and Loney respecting these debts commenced, the sum of $5000, was retained from distribution to await the decision of the Court on that question. In September and October, 1872, two accounts were stated distributing this sum, one of which, "account D," was finally ratified on the 18th of October, 1872, and the receiver was directed to apply the

money accordingly except as to the claims of two creditors which had been excepted to. The receiver however did not act on this order, but on the 10th of March, 1873, under an order of Court to that effect, paid into Court the balance in his hands amounting to $4691.50. On the 18th of October, 1873, a petition was filed in the cause by Bennett setting up a claim to this fund for services rendered the receiver as auctioneer. On this petition the Court on the 30th of October, 1873, passed an order referring the case to the auditor to state an account in accordance with the prayer of the petition, and ordering "*that the order of ratification of account D, heretofore passed, be and the same is hereby rescinded.*" Prior to the passage of this order, viz : on the 23rd of October, 1873, Penniman had filed his petition claiming an abatement of the $2500. This petition does not ask for an answer, but answers thereto were filed by the receiver and by three of the numerous creditors of Loney & Co., who prefer to answer for themselves and in behalf of other creditors in the cause. Afterwards on the 1st of December, 1873, the auditor acting under the order of the 30th of October, 1873, filed account E, allowing the claim of Bennett which was ratified *nisi* the same day, but no order of final ratification was passed thereon. On the 4th of the same month (December, 1873,) a commission was issued under which testimony was taken in support of Penniman's petition and claim, and on the 2nd of February, 1874, the Court passed an order dismissing his petition, and from that order he has appealed, and under that appeal the case is before us.

It thus appears that at the time the petition setting up this claim was filed by the appellant, the fund was not only actually in Court, but the only order which could by any possibility be regarded as interfering with the Court's control over it, viz : the order finally ratifying account D, had been revoked and rescinded by the order of the 30th of October, 1873, and from this rescinding order no appeal

was taken by any one whose rights may have been injuriously affected by it. It is clear that that order is not reviewable on this appeal of Penniman from the order dismissing his petition, and in saying this we are not to be understood as intimating an opinion that if the question were before us, the Court would not have had the power to pass it upon proper application at any time before the money had been actually distributed by the receiver, under the previous order of the 18th of October, 1872, which it rescinded. But it has been argued, and that was the view taken by the learned Judge of the Circuit Court, that this rescinding order was passed only for the purpose of letting in the claim of Bennett and can have no other effect, but the terms of that order are unconditional, and in our opinion it operated an absolute and complete rescission for every purpose, of the previous order of ratification, and not having been appealed from stands as the law of the case. It re-opened the audit and left the fund at the disposal of the Court, upon any application in due time thereafter made, whether by the appellant or any creditor whose claim had been disallowed. As to the effect of the rescinding order, the case is much stronger than that of *Price vs. Merchants' Bank*, 29 *Md.*, 369, and we are of opinion the appellant has presented his claim in due time and in the proper mode. The order appealed from will therefore be reversed, and the cause remanded in order that the abatement claimed by the appellant may be allowed.

*Order reversed, and*
*cause remanded.*

(Decided 9th March, 1875.)