SARAH J. S. TRAYHERN, by her next friend, JAMES
F. TRAYHERN, use of A. H. HOBBS *vs.* THE
NATIONAL MECHANICS' BANK OF BALTIMORE, and
others.

*Practice in Equity—Motion to dismiss an Appeal—Solicitor—
Use—Audits—Rescission of Order ratifying an Auditor's
Account after the Term had passed—Course of Proceeding
in Stating and Correcting Audits and Distributing Dividends
among Creditors.*

In January, 1877, on the petition of S. J. T., a married woman, with
separate estate, the Court below appointed a trustee for S. J. T.,
and authorized him on her behalf to form a co-partnership with
C. W. H. The partnership was formed and continued for about
fifteen months, when on the bill of complaint of C. W. H., the
Court below passed an order putting the concern into the hands of
receivers, who took charge of the property and sold it, and reported
the proceeds to the Court for distribution among the creditors of
C. W. H. & Co. An auditor's account was then stated, providing
for dividends and distribution among creditors of the partnership.
The audit was ratified *nisi* on the 14th April, 1879. Among the
creditors to whom dividends were allowed, were: A. M. F.,
(including interest) $1125.90, awarded a dividend of $158.61;
Nat. Mech. Bk., $1311.14, awarded a dividend of $184.71; S. J. T.,
$12,639.08, awarded a dividend of $1780.45. On the 5th June,
1879, Nat. Mech. Bk. excepted to this account, because it allowed
a dividend on S. J. T's claim. On the 20th November, 1879, the
Court below passed an order overruling the exceptions, ratifying
the audit, and directing the receivers to pay over in accordance
with it. Subsequently, but before the November term had passed,
Nat. Mech. Bk. filed a petition asking a rescission of the order of
ratification. During the January term, 1880, on the 28th February,
the Court below dismissed the petition, and left the order of ratifi-
cation passed the 20th November, 1879, undisturbed. On the 24th
March, 1880, the November and January terms having both expired,
A. M. F. filed his petition, setting out that by the decision of this

Court, he had been adjudged, to have a valid claim against C. W. H. & Co. for $671, with appropriate interest, and representing that there had been an auditor's account made, which had been finally ratified, but that the funds were still in the hands of the receivers, and praying that he might be allowed his claim, and for such other relief as he might require. In the audit he had been allowed a dividend upon a larger claim than this Court finally adjudged him entitled to, and the auditor in his report mentioned the contest pending over that claim, and although he had allowed the claim a dividend, he recommended that its payment be suspended till the suit was determined. On the petition of A. M. F., the Court below passed on the same day on which it was filed, an order, that the fund not having been distributed, the case was remanded to the auditor to state a further account, taking notice of the claim stated in the petition of A. M. F., and also that the auditor might state any other hypothetical accounts which might be required by the parties, and that awaiting the accounts thereby ordered and allowed, the order of Court passed on the 20th November, 1879, was suspended till further orders, and the order of the 28th February, 1880, on the petition of Nat. Mech. Bk. was rescinded. Leave was also given to take testimony to support any account that might be taken under this order. Testimony was accordingly taken, and another account was stated in accordance with instructions from S. J. T's counsel, and was ratified *nisi.* Exceptions were filed to it by Nat. Mech. Bk. The Court below refused to ratify this account and another which was stated at the same time, and ordered another account to be stated in accordance with the opinion of the Court. Such account was then stated, and was excepted to by S. J. T. These exceptions were overruled, and that account was finally ratified, and by it S. J. T's entire claim was rejected. On appeal by S. J. T., it was HELD :

1st. That a motion by the appellees to dismiss the appeal on the ground, that before the ratification of the first account, S. J. T's solicitor had entered all S. J. T's interest in the cause to his use, (it appearing from the solicitor's affidavit that such entry was made merely for the purpose of securing to him a reasonable fee,) should be overruled, as S. J. T. had an equitable interest to be protected; and that a motion to dismiss the appeal made on the ground, that S. J. T. had appealed by solicitor, and being a married woman, she could not appoint an attorney, should also be overruled, as it appeared, that this appeal was taken by next friend, and the solicitor who filed the exceptions for the next

Trayhern, by next friend *vs.* Nat. Mech. Bk., *et al.*

friend, had appealed for the next friend, and the *cestui que trust,* S. J. T.; and that the last appeal, under Art. 5, sec. 22, of the Code, opened for review the order of the 24th March, 1880.

2nd. That the order of the 20th November, 1879, whereby the claim of S. J. T. was passed upon and sustained, was a final adjudication of her claim and rights, which the order of the 24th March, 1880, could not disturb, as the order of the 20th November, 1879, after the term had passed, became enrolled, and could not be set aside on petition, (except upon a showing of fraud, surprise or mistake,) and could only be reached by appeal or bill of review; and that the proceedings which followed the order of the 24th March, 1880, should not be sustained.

3rd. That whatever abatement was necessary, on the dividend allowed the claim of A. M. F. could have been easily ascertained by calculation, and fixed in the order on his petition; and that the creditors should not have been delayed in receiving what had been already audited to them, and compelled to await the distribution of the small sum ascertainable as above mentioned, before getting their dividends; and that A. M. F. should have been at once paid his corrected dividend; and that the creditors, including A. M. F., should have received their shares with interest, if any, of the small sum resulting from the abatement of A. M. F's claim.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY, ROBINSON, and IRVING, J.

*A. H. Hobbs,* and *Charles Marshall,* for the appellant.

*W. A. Wade, J. D. Lipscomb,* and *T. B. Horwitz,* for the appellees.

IRVING, J., delivered the opinion of the Court.

The essential facts in this case are as follows: In January, 1877, upon the petition of Sarah J. S. Trayhern, a

Trayhern, by next friend *vs.* Nat. Mech. Bk., *et al.*

married woman, with separate estate, the Circuit Court of Baltimore City passed a decree appointing a trustee for Mrs. Trayhern, and authorizing the trustee, on the behalf of Mrs. Trayhern, to form a co-partnership with one Charles W. Hamill, for the purpose of manufacturing silver plated ware. The partnership was formed and continued for about fifteen months, when on the bill of complaint of Charles W. Hamill, one of the partners, the Circuit Court of Baltimore City passed an order putting the concern into the hands of receivers, who took charge of the property, sold the same and reported the proceeds to the Court for distribution among the creditors of C. W. Hamill & Co. An auditor's account was then stated, whereby a dividend and distribution amongst creditors of the partnership was made. That audit is designated in the record as "Account A." It was ratified *nisi* on the 14th of April, 1879. Among the creditors, to whom dividends were allowed, were the following persons: Augustus M. Foute, claim No. 16, (including interest,) $1125.90, which was awarded a dividend of $158.61; National Mechanics' Bank of Baltimore, claim No. 39, $1311.14, awarded a dividend of $184.71; Mrs. Trayhern, claim No. 53, $12,639.08, with a dividend of $1780.45. On the fifth of June, 1879, the National Mechanics' Bank filed exceptions to the auditor's account "A," because it allowed a dividend to Mrs. Trayhern upon her claim. The two grounds of exception stated in the exceptions are, 1st, because Mrs. Trayhern was by order of the Court made a partner by her trustee, and is not entitled to participate in the distribution of proceeds, until all of the creditors are paid in full; secondly, because the two notes filed as her claim were taken "merely as memorandums of the amount of money placed by her in said co-partnership as her share of the capital thereof, as appears by her bill filed in this Court on the 17th of October, 1878, by George M. Bokee, trustee of Sarah J. S. Trayhern against

38                    v. 57.

Charles W. Hamill." Upon the 20th of November, 1879, Judge GILMOR passed an order overruling the exceptions, ratifying the audit, and directing the receivers to pay over, in accordance with it, to the claimants under it. In that order the Court says, it is "of opinion, after full argument, that Sarah J. S. Trayhern must be regarded and settled with as a creditor in this case, for all sums advanced by her to the concern of Charles W. Hamill & Co., in the form of loans, and over and above the amount contributed by her as capital, under the order of this Court heretofore passed upon the 24th day of January, 1877; such order must be construed as limiting the amount of her capital and means at the risk of the business, exactly in accordance with the authority thereby conferred." Subsequently, but before the November term of the Court had passed, the National Mechanics' Bank filed a petition asking a rescission of that order of ratification. During the January term of the Court, namely, on the 28th of February, 1880, Judge DOBBIN, who had succeeded Judge GILMOR, in the charge of that Court, dismissed the petition and left the order of ratification, passed on the 20th of November, 1879, undisturbed. On the 24th of March, 1880, the November and January terms of the Court having both expired, Augustus M. Foute being claimant No. 16 in account "A," filed his petition setting out, that, by the decision of the Court of Appeals he had been adjudged to have a valid claim *vs.* Charles W. Hamill & Co. for $671.00 with appropriate interest, and representing that there had been an auditor's account made which had been finally ratified, but that the funds were still in the hands of the receivers, and praying that he may be allowed his claim, and for such other relief as he might require. Here it is proper to remark that this petition makes no attack upon Mrs. Trayhern's claim, and only asks for such relief as may secure to him the payment of his claim. In audit "A," he had been

allowed a dividend upon a larger claim than the Court of Appeals finally adjudged him entitled to; and the auditor in his report mentioned the contest pending on that claim, and although he had allowed the claim a dividend, the auditor recommended that the payment of that claim be suspended till the suit was determined. Upon that petition of Augustus M. Foute, Judge DOBBIN immediately passed (on 24th March, 1880,) the following order: "The fund in this case not having been distributed, the case is remanded to the auditor, to state a further account, taking notice of the claim stated in the foregoing petition. The auditor may also state any other hypothetical accounts which may be required by the parties. Awaiting the accounts hereby ordered and allowed, the order of this Court passed on the 20th of November, 1879, is hereby suspended till further orders, and the order of the 28th of February, 1880, upon the petition of the National Mechanics' Bank is hereby rescinded. Leave to the party to take testimony to support any account which may be stated under this order." Under this order of the Court testimony was taken, and account "D," which is in the record, was stated in accordance with instructions from appellant's counsel, and was ratified *nisi.* Exceptions were filed to it by the National Mechanics' Bank, on substantially the same grounds as those overruled by Judge GILMOR. Account C, which was stated by the auditor and was excepted to, and is alluded to by the Court in its opinion, is not in the record. The Court refused to ratify accounts C or D, and ordered another account to be stated in accordance with the views he expressed in the opinion. Account "E," which is in the record, was then stated and excepted to by the appellant. The exceptions were overruled, and that account was finally ratified. By that account appellant's entire claim was rejected. Hence this appeal.

The record shows, that before the ratification of the audit "A," the solicitor of the appellant had entered all

Trayhern, by next friend *vs.* Nat. Mech. Bk., *et al.*

Mrs. Trayhern's interest in the cause to his use. Relying upon this entry as evidence that Mrs. Trayhern had no further interest in the case, the appellees have moved to dismiss the appeal.

In reply to this motion to dismiss, the appellant's solicitor has filed an affidavit to the effect that the entry to his use was only made by way of securing to him a reasonable fee, and that in fact Mrs. Trayhern has a large actual interest in the cause. It is therefore clear that the appeal cannot be dismissed for that reason. She has an equitable interest which she has a right to have protected, and justifies her appeal.

By other creditors of the fund, it has been insisted, that the appeal should be dismissed, because it appears that Mrs. Trayhern has appealed by a solicitor, and being a married woman, she cannot appoint an attorney. The exceptions to audit " E," whereby Mrs. Trayhern's claim was denied a participation in the fund, were taken by James F. Trayhern, next friend; and the solicitor who filed the exceptions for the next friend takes the appeal, in that instance for both next friend and *cestui que trust;* so that this objection does not hold as to that appeal. The first appeal was from the order of the 24th of March, 1880, suspending the order of the 20th of November, 1879, and remanding the case to the auditor. That appeal does appear on its face to have been taken "for Mrs. Trayhern," and we suppose the last mentioned reason must be directed to that appeal. Throughout the proceedings Mrs. Trayhern has been proceeding by next friend; and it must be supposed she was intending to do so on that appeal. It would hardly be equitable to regard the description of the right in which the appeal was taken as more than a clerical misprision, and to deny Mrs. Trayhern an inquiry into her rights on that ground only.

But if that appeal be not good, and there was no formal appeal from that order, the last appeal, under sec. 22 of

Trayhern, by next friend *vs.* Nat. Mech. Bk., *et al.*

Article 5 of the Code, opens for review the order of the 24th of March, 1880. The motion to dismiss must be overruled.

The appellant contends, that under the order of the 20th of November, 1879, whereby the claim of the appellant was passed upon and sustained, and by which the auditor's report allowing the same was finally ratified and confirmed, and the receivers were ordered to pay over accordingly, was a final adjudication of her claim and rights, which the order of the 24th of March, 1880, could not disturb. In this view we entirely concur. The order of the 20th of November, 1879, after the expiration of the term became enrolled, and could not be set aside in that way except upon a showing of fraud, surprise or mistake ; but could only be reached by appeal or bill of review.

In *Marbury against Stonestreet,* 1 *Md.,* 158, many of the cases upon this subject are reviewed, and it is distinctly stated, that when a sale has been finally ratified, " the fund distributed by audit and confirmation, and the term passed, a bill either original or of review is required ; *because these proceedings ascertain and determine the rights of the persons interested in the proceeds of sale.* The suit is then considered as closed, and such proceedings must be resorted to as will again bring the parties before the Court. This, the Chancellor, in *Weems against Brewer,* said, a petition would not accomplish."

The same doctrine was maintained in *Lovejoy vs. Irelan,* 19 *Md.,* 56 ; *Whelan and Smith, Adm'rs vs. Cook, Adm'x,* 29 *Md.,* 16, and 30 *Md.,* 216 ; (*Thruston vs. Devecmon,*) and in *Downes' Case, p.* 531 *ante.* There is no question that during the term such orders are entirely under the control of the Court, and may be revised, modified or revoked altogether, upon proper ground shown. But being once enrolled as it is, on the expiration of the term, it is said in *Thruston vs. Devecmon,* " it must be allowed to stand for what it purports to be on its face, until re-

vised or reversed in a more solemn and formal manner, than can be done by petition." The rule which allows parties whose claims have been omitted to come in, (on terms prescribed by the Court,) establish their claims, and participate in the fund for distribution, does not extend so far as to permit the newly admitted creditor to question through petition the rights of any other creditor, which have been settled upon distinct issue made between proper parties. A controversy once settled by proper order enrolled, cannot be re-opened in that way. Such creditor is only admitted to share in the fund with the other creditors; their respective rights remaining undisturbed, except in so far as proportionate abatement is concerned, by reason of the additional claim. The ruling of Chancellor BLAND in the Cape Sable Company Case, (3 Bland, 642,) has always been adhered to. The case of Penniman vs. Cole, 41 Md., 609, was not intended to, and does not establish a different doctrine. In that case, the order of final ratification of the auditor's report had been passed, but the Court afterwards had ordered the money to be brought into Court by the receivers, which was done, and it there remained. The purchaser claimed that by virtue of certain representations of the trustee, he was entitled to an abatement of the purchase money. By his petition he so set up, and the order of ratification distributing among the creditors, the purchase money reported was rescinded; and subsequently, the purchaser's claim was recognized and allowed. By it, all the claims on the fund were abated alike. Besides, the Court expressly said, that no appeal had been taken from the rescinding order, and that was not reviewable on that appeal; while they express no opinion upon what would have been done if it was presented.

If that case can by implication, be regarded as supporting the view of the appellees, it is like the case of Oliver vs. Palmer, 11 Gill & Johnson, which this Court said in

*Thruston vs. Devecmon,* was an exception to the general rule. In the present case, Mrs. Trayhern's claim was directly put in issue by exceptions to auditor's report and statement "A," in which it was allowed. By the exceptions of the National Mechanics' Bank, the validity of her claim was most distinctly assailed; and the Court decided in favor of the justice and propriety of her claim. From that decision, made by order of the 20th of November, 1879, there was no appeal. Within the term, the National Mechanics' Bank, did, for the same reasons assigned in the exceptions to the audit, ask this order to be stricken out, but it was refused by Judge Dobbin, by the order of 28th of February, 1880. Both the November and January terms of the Court had passed, when A. M. Foute's petition was filed, on the 24th of March, 1880; and the orders of the 20th of November and 28th of February had become enrolled. We do not think they could properly be rescinded, as was done by the order of the 24th of March, 1880, on Foute's petition. The proceedings which followed that order cannot be sustained. Account "E," which was stated in pursuance of special opinion and direction of the Court, wholly disallows Mrs. Trayhern's claim, which two prior orders of the Court had established and from which there was no appeal; and which by the lapse of the term had passed beyond the control of the Court in a case like this. It has already been stated that Foute's petition did not contest Mrs. Trayhern's claim. He could not do so on any theory. He was a party to the proceeding in which her claim was sustained. He had preferred a claim. It was allowed a dividend; but payment thereof was recommended by the auditor to be suspended till the pending litigation of his claim was settled. By the ratification of the auditor's report that was done. His claim alone remained open for correction, and undetermined after the ratification of the auditor's report. The action taken by the Court was not necessary

600　　　　MARYLAND REPORTS.

Trayhern, by next friend *vs.* Nat. Mech. Bk., *et al.*

to the relief he was entitled to. His petition asked for payment according to the finding of the Court of Appeals. His prayer, for such relief as his case required, did not warrant what was done. What abatement of his dividend was necessary, was easily ascertainable, and could have been fixed in the order on his petition, and the whole matter would have been closed. His claim in audit " A," on which a dividend was allowed, was $1125.90, with interest included. According to the result of the litigation in the Courts, with interest added, it was $703.83. A very simple calculation in proportion gives him what his dividend, on the basis of account " A," (which was ratified by the Court,) ought to have been $99.15. Deducting this from the dividend which was allowed, it leaves only $59.46, for distribution among the creditors, in addition to the amount which is distributed in the audit " A."

The creditors ought not to have been delayed in receiving what was already audited to them, and compelled to await the distribution of so small a sum before getting what was already ascertained. If a new audit was deemed indispensable, it should have been confined to this sum added to the fund by the diminution of Foute's allowance; and payment in accordance with " account A," should have proceeded, except as to Foute, whose claim was suspended by the report; and as to him he should have been at once paid his corrected dividend. In our opinion, a new audit on so small a sum would have been wholly consumed in expense. A more *equitable and entirely practicable* mode existed for disbursing that amount. It is common practice to direct trustees and receivers to pay to the creditors a due proportion of interest which has accrued or may accrue. The Court so ordered in ratifying account " E." This sum should have been treated in the same way, and distributed with the interest, or by itself as interest is, if there was no inter-

est.    We are constrained to reverse the order of the Court below in ratifying account " E," the order of 20th December, 1880, by which that account was directed, and the order of 24th of March, 1880, on Foute's petition.    In doing so we do not wish to be understood to differ with the learned Court in his conclusion on the proofs before him.    Upon that branch of the case we express no opinion ; for according to our view, that is not properly before us, the orders under which the testimony was taken having been erroneously passed.    The cause will be remanded, to the end that the creditors may be paid by the receivers in accordance with account " A," except Foute, who shall be paid in accordance with the principle established by this opinion ; and that the small sum resulting from the abatement of Foute's claim may be distributed among all the creditors, including Foute, together with any interest accrued ; or if none, in accordance with the practice respecting interest, and that the Court may pass the necessary order for the purpose.

The costs incurred after the order of 24th March, 1880, in the Court below, as well as the costs of this appeal must be paid by the Bank and Mrs. Trayhern in equal proportions.

*Orders reversed, and*
*cause remanded.*

(Decided 24th February, 1882.)