PERLEY R. LOVEJOY *vs.* EDWARD IRELAN.

After a decree has been enrolled, the Court will not entertain an application to vary it, except upon the consent of all parties, or in respect of matters which are of course; but there can be no doubt of the power of the Court to correct a manifest clerical error in its decree.

In making such correction, it is unnecessary to pass a new order or decree, but the Court will direct the clerk to bring before them the original decree and the enrollment thereof, and in their presence to correct the same.

This was a motion, on behalf of the appellee, to correct the decree of this Court, heretofore passed in this cause, signed at the June term, 1860. The opinion of this Court contains a full statement of the case as now decided, as well as of the points argued before them.

The cause was argued before BOWIE, C. J., and BARTOL and GOLDSBOROUGH, J.

*Benjamin C. Barroll* for, and *Levin Gale* against, the motion.

BARTOL, J., delivered the opinion of this Court:

The proceedings which have heretofore been had in this case, will be found reported in 17 *Md. Rep.*, 525. By the opinion of the Court, then pronounced, it was decided that the appeal ought to be dismissed. And after a re-argument of the question, the Court adhered to their original decision. The first decision was rendered at the June term, 1860, and the decree was signed at that term. Subsequently it was discovered, by the appellee's solicitor, that the decree passed in the cause, instead of *dismissing the appeal,* in conformity with the opinion which accompanied it, was a decree *dismissing the bill.* And, at the June term, 1862, when the error was first discovered, this motion was made to have the decree amended, and the error therein corrected.

Lovejoy vs. Irelan.

The motion is resisted on the ground that this Court has no power to correct the decree after the term at which it was passed has expired. In the case of *Burch, et al., vs. Scott*, 1 *G. & J.*, 393, the Court of Appeals decided that a decree of the Court of Chancery must be considered as enrolled when it is signed by the chancellor and filed by the register, and the term has elapsed during which it was made. And in that case it was held, "that it was not consistent with the salutary exercise of that sound discretion which the Court of Chancery possesses, to open or discharge the enrollment upon petition, and vacate the decree, for the purpose of enabling the defendant to make his defence." The general rule is, "that every decree stands, and must be allowed to stand, for what it purports to be upon its face, until it has been revised or reversed in a proper and solemn manner." *Pheltz vs. Pheltz*, 1 *Md. Ch. Dec.*, 455.

After a decree has been enrolled, the Court will not entertain any application to vary it, except upon consent of all parties, or in respect of matters which are of course. In *Daniels' Chancery Practice, vol. 2nd, sec. 5, page* 1233, it is said: "In cases in which a clerical error has crept into the decree, or in which some ordinary direction has been omitted, the Court will entertain applications to rectify it, even though it has been passed and entered." And on *page* 1235, it is said: "The Court will, in some cases, extend the indulgence of rectifying decrees in which there have been clerical mistakes, to decrees which have been actually inrolled."

In this case, we consider the error as one of that kind. It is a mere clerical error, in inserting the word *bill* instead of the word *appeal*. This clearly appears, not only from the opinion of the Court, accompanying the decree, and to which it was meant to conform, but also from the minutes of the Court. And, in such case, we entertain no doubt of

8      v.19

the power of the Court to correct the error, which is as manifest as if it appeared on the face of the decree.

In making the correction, it is not necessary to pass a new order or decree, but in conformity with the course pursued by the Vice-chancellor, Plumer, in *Hawker vs. Buncombe*, 2 *Mad.*, 392, (or 546, 1*st American edition*,) this Court will now proceed to direct the clerk to bring before them the original decree, and the enrollment thereof, and · in their presence to correct the same, by inserting the word *appeal* in place of the word *bill*, so that the decree may direct that the appeal be dismissed.

*Motion granted.*