ULRICH PFEAFF *vs.* ROBERT JONES and HETTIE G. ROCHÉ, Adm'rs of PATRICK J. ROCHE.

*Appeal—Rescission of an Enrolled decree—Lien on proceeds from sale of Land, in Equity—Preference of subsequent Judgment over Mortgage not recorded within six months— Construction of Art. 16, sec. 23, and Art. 24, sec. 19, of the Code of Public General Laws—Constructive notice.*

An order ratifying and confirming an auditor's report, and directing the trustees to apply the proceeds accordingly, is an order in the nature of a final decree, from which an appeal may be taken.

The general rule is, that after a decree has been enrolled the Court will not entertain any application to vary it, except upon consent of parties or in respect of matters which are of course. The rule may be departed from under circumstances where equity and justice demand it.

The proceeds from the sale of land in the hands of trustees, are liable to the liens of creditors in the same order as the land itself if unsold.

The provisions of the Act of 1785, ch. 72, (Code, Art. 24, sec. 23,) and of the Act of 1860, ch. 133, (Code, Art. 16, sec. 19,) refer exclusively to deeds executed and acknowledged according to law, and perfect in all respects so far as depends on the act of the grantor or mortgagor. Mortgages not recorded within six months are expressly excluded from the privilege extended to all other deeds by Art. 24, sec. 19; they are left to be disposed of under the provisions of Art. 16, sec. 23. Registration under this latter section is a judicial proceeding specially prescribed. Although the word "mortgage" is not used in this section, yet mortgages are included in the general term "deeds," under which alone any legal authority exists for registering mortgages after the time prescribed by law has elapsed. The recording of a deed or mortgage made in pursuance of a decree passed under this section, operates as constructive notice, and creditors becoming so after such recording are affected thereby, and are not preferred to such deed or mortgage.

The mere clerical act of registering a mortgage after six months from its date, without the decree or order of a Court, is null and void.

A judgment was obtained against a debtor subsequent to the execution by him of a mortgage of his real estate and its recording at the instance of the mortgagee, after six months from its date and without a decree of Court being had under Art. 16, sec. 28, of the Code of Public General Laws. The judgment creditor had no notice of the mortgage. The property was afterwards sold by trustees under decree of the Circuit Court of Baltimore City, to satisfy a first mortgage. The judgment creditor caused an attachment by way of execution to issue on his judgment and had it laid in the trustees' hands to bind any balance from the proceeds of sale after satisfying the first mortgagee's claim. He appeared, moreover, as a claimant in the equity proceedings as did also the second mortgagee. HELD:

That the judgment must be preferred to the second mortgage in the distribution, under order of Court, of the balance in the hands of the trustees.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken from two orders of the Circuit Court of Baltimore City, (GILMOR, J.,) one dismissing the petition of the appellant praying to be made a party in a proceeding for the sale of mortgaged premises, on the ground that he had a judgment against the mortgagor which should be satisfied out of the balance undistributed after satisfaction of the mortgage claim; and the other, overruling his exceptions to the ratification of the auditor's account, whereby the appellant was excluded from the distribution of the balance and the same ordered to be distributed to the appellees, representing the claim of a second mortgagee. The facts of the case are stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER and ALVEY, J.

Pfeaff *vs.* Jones and Roche, Adm'rs.

*Richard Hamilton* for the appellant.

The order of August 30th, 1875, ratifying the first auditor's account, is a final decree and could not be rescinded after the term. *Wayman vs. Jones*, 4 *Md. Ch. Dec.*, 500; *Ware vs. Richardson*, 3 *Md.*, 505; *Burch vs. Scott*, 1 *G. & J.*, 393; *Scott vs. State*, 2 *Md.*, 291.

If the Court had the power to rescind said order it could only be upon a bill of review, making all parties interested in the fund then in the hands of the trustees parties to the cause. *Pfeltz vs. Pfeltz*, 1 *Md. Ch. Dec.*, 455; *Lovejoy vs. Irelan*, 19 *Md.*, 57.

The Circuit Court erred in dismissing the petition of the appellant absolutely. If it was proper to dismiss it at all it should have been dismissed without prejudice to future proceedings. *Griffith vs. Frederick County Bank*, 6 *G. & J.*, 424; *McLaughlin vs. Swann, et al.*, 18 *How.*, 217.

The second mortgage having been recorded more than six months after its date, and the claim of the appellant being subsequent to the mortgage it is to be preferred to the mortgage. *Sixth Ward Build. Assoc'n vs. Wilson*, 41 *Md.*, 506.

*William M. Busey* and *Samuel Snowden*, for the appellees.

The Court had a right to rescind the order of final ratification of the first account, after the term in which said account was so ratified had passed.

So long as the proceeds of sale have not been distributed, they are under the control of the Court; and it can make such orders and grant such relief as the ends of justice may require. *Preston vs. Fryer*, 38 *Md.*, 224; *Norris vs. Lantz & Hyde*, 18 *Md.*, 260.

Where property is sold under a decree of a Court of equity, the proceeds are considered to be in the custody of the Court. *Brooks vs. Brooks*, 12 *G. & J.*, 306; *Lee vs. Boteler & Belt*, 12 *G. & J.*, 325.

While the fund remains in Court, the application of a creditor, whose claim has been overlooked or omitted, if he has not been guilty of *laches,* is entitled to favorable consideration, and will always, upon the institution of proper proceedings, be allowed to participate in the distribution. *Price vs. Merchants' Bank,* 29 *Md.,* 375.

The mortgage to Patrick J. Roche was long prior to the recovery of the said judgment by the appellant, and the lien under the mortgage was not divested by the sale under the first mortgage, but was transferred to the fund, and being prior to the inchoate lien acquired by appellant under his attachment, it was not affected by such attachment, and could not be postponed thereto. *Markey, et al. vs. Langley, et al.,* 2 *Otto,* 142; *Brown vs. Stewart,* 1 *Md. Ch. Dec.,* 87.

The second mortgage operated as an assignment of McClenahan's interest. It was clearly competent for the Court to direct payment to be made to Roche's administrators, as assignees thereof, *without* rescinding the order of ratification of said first account.

A Court of equity would not assist the appellant as against the equitable rights of the appellees under their mortgage. *McPherson vs. Snowden,* 19 *Md.,* 233.

BOWIE, J., delivered the opinion of the Court.

This appeal is taken from an order of the Circuit Court of Baltimore City, passed on the 23rd February, 1877, dismissing the petition of the appellant, theretofore filed in the cause of the Citizens' Security and Land Company of Baltimore City, against James McClenahan therein pending.

By a decree in the above cause, certain property mortgaged by McClenahan to the Company, had been sold, and the proceeds distributed by an account of the auditor, first to pay the mortgage debt, and the balance amounting to $974, assigned to the mortgagor.

This account was finally ratified by order of the Court on the 30th August, 1875.

On the 18th of July, 1876, the appellees Jones & Roche, Adm'rs of Roche, filed a petition in the cause, alleging that the mortgagor, McClenahan, after the execution of the mortgage to the Company, had mortgaged the same lot to their intestate, to secure the payment of the sum of fifteen hundred dollars; that there was still due thereon, a large balance, and prayed the final order of ratification in the original cause awarding the balance to McClenahan be stricken out, and the cause remanded to the auditor, for the purpose of allowing the petitioners' claim. The Court granted the prayer of the petition so far as to modify the order of ratification, assigning the balance to McClenahan, and the cause was remanded to the auditor to state another account. The auditor stated another account in conformity with the petition of the appellees which was ratified *nisi*.

On the 22nd November, 1876, the appellant filed a petition alleging that he obtained a judgment on the 16th of January, 1875, against McClenahan for $178.75 and costs, which was still unsatisfied; that an *attachment by way of execution* issued on the same on the 21st of October, 1875, which was laid in the hands of the trustees on the same day, and since then, the appellees had filed their petition and procured the proceedings before recited, and without notice to the appellant, by the consent of the complainant and trustees, the first order of ratification had been rescinded, the cause referred to the auditor for another account, a second account stated and ratified *nisi*, and the trustees still held the balance in their hands.

The appellant's petition charged that the order of rescission was improvidently and illegally passed, a term having expired since it was signed and enrolled; and prayed he might be made a party to the cause, that the trustees and the petitioners, Jones & Roche, the appellees,

may answer, and the order of the 18th of July, 1876, so far as it affects the ratification of the first account be rescinded, and the ratification of the second be suspended until further order, etc.

The Court on the 22nd of November ordered that the appellant be made a party defendant, and the order of the 18th of July be rescinded *nisi*, etc. The appellant also filed exceptions to the ratification of the account last filed to the effect following:

First. Because the same was stated by the auditor without authority of law.

Second. Because the order referring the papers to the auditor, dated the 18th July, 1876, being passed after the term at which the auditor's report was ratified, was erroneous and void.

Third. Because the Court had no power to pass the order of the 18th of July, 1876.

Jones & Roche, administrator's of Roche, appellees, filed an answer to the appellants petition, admitting the facts therein alleged, but averring that they had an equitable lien on the balance of the fund created by the mortgage from McClenahan to Roche, dated the 6th of February, 1873, and recorded on the 7th of Octobor, 1873, a date long prior to the laying of the attachment, and claiming they were entitled to the fund, whether the order rescinded the final order in the auditor's account, or directed the money to be paid over to the respondents.

They insisted, the laying of the attachment did not divest the equitable right of the respondents to the money, and the petitioner had an adequate remedy at law.

The cause being argued by the petitioner's and respondent's counsel, the petition of the appellant was dismissed, his exceptions overruled, and the second account of the auditor finally ratified and confirmed, from which orders this appeal is taken.

There can be no doubt, that an order ratifying and confirming an auditor's report, and directing the trustees to apply the proceeds accordingly, is an order in the nature of a final decree, from which an appeal may be taken. *Wayman vs. Jones,* 4 *Md. Ch. Dec.,* 512; *Contee vs. Dawson,* 2 *Bland,* 264; *Lovejoy vs. Irelan,* 19 *Md.,* 56.

And the general rule is, that after a decree has been enrolled, the Court will not entertain any application to vary it, except upon consent of parties, or in respect of matters which are of course. *Lovejoy vs. Irelan,* 19 *Md.,* 56.

In the present case, the complainant in the original cause expressly assented to the order rescinding the decree, and the defendant made no objection, although a copy of the petition, asking for the rescission and other relief, was duly served, by leaving the same at his place of residence, with his wife.

This case may therefore without any forced construction, be assumed to be within the exceptions to the general rule.

It is proper however to observe, that in the case of *Marbury vs. Stonestreet,* 1 *Md.,* 158, this Court did not regard the rule as inexorable and of universal application, but seemed to intimate that under circumstances in which equity and justice demanded it, the rule even as above qualified might be departed from. There is a very distinct opinion to the same effect in the case of *Penniman vs. Cole & Worthington,* 41 *Md.,* 609.

The appellant occupies the position of a creditor, claiming by judgment rendered on the 16th January, 1875, on a cause of action originating after the date of the mortgage, and after its actual registration without notice.

The appellee relies on the mortgage though recorded after the time prescribed by law, as giving him an equitable priority.

The proceeds of the land in the hands of the trustees, are liable to the liens of the several creditors in the same order as the lands themselves if unsold.

The Court below by its order affirming the auditor's account and awarding the balance to be paid to the mortgagor, did not and could not conclude the rights of third persons, not parties to the proceedings; as long as the fund was in the custody of the Court, it possessed full power to dispose of it among the several creditors of the mortgagor, according to their equitable priorities.

The question recurs which of these claimants is entitled to preference in the distribution of the balance.

The mortgage being deprived of its legal effect as a prior incumbrance, for want of registration in six months from its date, the inquiry is: What operation or effect has it in equity as a lien?

There are two distinct modes of correcting the omission to record deeds within the prescribed time, provided by the statute law of this State.

The one, is a judicial power vested in the Courts of Chancery, by the Act of 1785, ch. 72, and its supplements, codified in Art. 16, sec. 23, title Chancery.

The other, is the right conferred by the Act of 1860, ch. 133, upon every grantee, (except mortgagees,) to record his deed, without previous judicial sanction, codified in Art. 24, sec. 19, title Deeds. Courts of Chancery had the power to compel the specific execution of contracts defectively executed, prior to the Act of 1785, in virtue of its general equitable jurisdiction, and that power and jurisdiction still remains unimpaired. *Wicks vs. Chew*, 4 *H. & J.*, 547, but the Legislature by the Act of 1785, first prescribed a specific remedy for a party who has failed to record his deed within six months from its date.

The provisions of the Act of 1785, (Code, Art. 16, sec. 23,) and of the Act of 1860, (Code, Art. 24, sec. 19,) must be construed to refer exclusively to deeds which are executed.

and acknowledged according to law, and are perfect in all respects, so far as depends upon the act of the grantor or mortgagor.

The privilege of registering a deed after the prescribed period of six months, conferred upon all grantees, (except mortgagees,) by the nineteenth section of Art. 24, was given by the Act of 1860, ch. 133, as an additional and more simple means of accomplishing the same end, *in a particular class of cases*, giving the deeds when recorded, as against the grantor and his heirs or executors, and against all purchasers with notice of such deed or conveyance, and against all creditors of such grantor and his heirs, who shall become so *after the recording* of such deed or conveyance, the same validity and effect as if recorded within the time before prescribed.

It is obvious from the exception embodied in this section, that mortgages were expressly excluded from its operation, leaving them to be disposed of under the provisions of Art. 16, sec. 23, title Chancery. Registration under the latter, is a judicial proceeding requiring an application in writing and notice to the grantor.

The Court must be satisfied that the omission to record was without fraudulent intention, and that the applicant has a fair and equitable claim to the premises; the Court must order and decree that the deed be recorded, and when recorded, "such deed shall not destroy or in any manner affect the title of any purchaser made after the date of the deed without notice, nor shall such deed, though recorded as aforesaid, in any manner affect the creditors of the party making such deed who may trust such party after the date of the said deed." *Art.* 16, *sec.* 23, *Code Pub. Gen. Laws.*

Although the sub-section is entitled *"Deeds,"* and the word *"mortgage"* is not used therein, yet mortgages are included in the general term "deeds," under which alone any legal authority exists for registering mortgages, after the time prescribed by law has elapsed.

The general words of the section above cited, must be understood with this qualification, that the recording of the deed made in pursuance of the decree, operates as constructive notice; and creditors, who become so thereafter, are affected by such notice and are not protected against the deed.

The mere clerical act of registering *a mortgage* after six months from its date, *without the order or decree of a Court,* must in view of the language of the Code, be regarded as null and void.

The Act of 1785, ch. 72, sec. 11, now codified as sec. 23, Art. 16, title Chancery, has been construed in several cases decided by this Court, prior to the adoption of the Code.

In these it was held, "a deed cannot be recorded under the Act 1785, ch. 72, sec. 11, so as to affect any purchaser after the date of the deed without notice of it, nor any creditor of the grantor, who trusted the party after its date." *Wicks vs. Chew,* 4 *H. & J.,* 547; *Carroll vs. Norwood,* 5 *H. & J.,* 155; 1 *H. & J.,* 180; *Pannell vs. Farmers' Bank,* 7 *H. & J.,* 205.

In the case of *Johnston vs. Canby,* 29 *Md.,* 211, in which a subsequent judgment creditor sought to obtain priority over a previous mortgage not recorded in time, it was held, that it being clearly established that the complainants Johnston, when they obtained their judgment, had actual notice of the mortgage, they should be postponed to the mortgage, *upon the equity that they had notice of it,* relying upon *Le Neve vs. Le Neve,* 3 *Atk.,* 646; *Alexander vs. Ghiselin,* 5 *Gill,* 181; but no reference was made to the Act of 1785, ch. 72, nor to the provisions of the Code.

In the case of the Sixth Ward Building Association, which was a contest between persons claiming under defective mortgages, and trustees representing creditors, this Court referring to the peculiar features of the case, says: "It is not a case where a priority is claimed for an

unrecorded or defective mortgage over a subsequent encumbrancer *with notice,* nor where such a mortgage or contract for a specific lien is sought to be enforced against existing creditors." * * * * * "Here the rights of *subsequent* creditors (that is those who became such after the execution of the instrument,) are sought to be affected, and in our opinion, their rights in this respect are protected by the Registry Laws." Construing the Registry Acts referred to, this Court held, "mortgages are expressly excepted from the operation of sec. 19, (of Art. 24,) which allows any deed to be recorded at any time after six months, and makes it valid against the grantor, purchasers with notice, and all creditors of the grantor who may become so after its recording."

"This does not allow the recording of a mortgage after six months, but under sec. 23, of Art. 16, a Court of equity may, upon a proper case being made, decree it to be recorded, but when so recorded, it is expressly provided, it shall not 'in any manner affect the creditors of the party making such deed who may trust such party after the date of said deed.' " 41 *Md.,* 513, 514.

In a preceding page of this opinion, we have stated what, in our judgment, is the true construction of this section above referred to, viz: that the recording of a deed, or mortgage, pursuant to its provisions, constitutes constructive notice, and creditors becoming so after such recording, are affected by the same, and not preferred to the deed, or mortgage.

The mortgage of Roche, in the present case, was not recorded within six months from its date, nor was it recorded in pursuance of the provisions of the Act of 1785, ch. 72, (Art. 16, Code, sec. 23,) but it was filed after the time prescribed by law, at the instance of the mortgagee alone. The cause of action, on which the judgment of the appellant was rendered, was after the date of the mortgage, and its entry on the records, but there is no

evidence, that the appellant had notice of the existence of the mortgage.

The appellant therefore comes clearly within the exception made in favor of creditors in the 23rd sec. of Art. 16, Title Chancery, as construed by this Court, and is entitled to preference over the appellees in the distribution of the balance in the hands of the trustees.

It follows, that the Court below erred in dismissing the petition and overruling the exceptions of the appellant, and in finally ratifying the account in favor of the appellees.

The orders appealed from will be reversed, and the cause remanded for further proceedings.

*Orders reversed, and cause*
*remanded for further proceedings.*

(Decided 29th January, 1879.)