Tuttle *v.* Gilmore.

GEORGE F. TUTTLE, appellant,

*v.*

AMELIA L. GILMORE, respondent.

If a decree of the court of errors be misentered in the minutes, it must be executed by the court of chancery according to its terms, the proper practice being to apply to the court of errors to rectify the entry of such decree.

On appeal from a decree of the chancellor, whose opinion is reported in *Gilmore* v. *Tuttle, 13 Stew. Eq. 385.*

*Mr. John W. Taylor* and *Mr. John R. Emery,* for the appellant, cited *McNeill* v. *Cahill, 2 Bligh (N. S.) 316 ; White* v. *Atkinson, 2 Call 376 ; Price* v. *Campbell, 5 Call 115 ; Werborn* v. *Pinney, 76 Ala. 291 ; Murrill* v. *Murrill, 90 N. C. 120.*

*Mr. R. Wayne Parker,* for respondent.

The opinion of the court was delivered by

BEASLEY, C. J.

A decree having been pronounced in this court as the result of a former appeal between these parties, that decree was sent to the court of chancery, with instructions to execute it. The contention of the appellant now is that the chancellor has not put it into effect, but has introduced into it certain modifications.

If· we have regard simply to the entry of the decree of this court on its minutes, we think the justness of this criticism is not to be disputed. The judgment of this court, as it stands on our records, has not been carried into effect according to its plain terms. That this is the case, will clearly appear from the statement of the facts as presented in the opinion of the chancellor.

But while we think that our decree as recorded has not been complied with, we also think that the chancellor has properly interpreted the intention of this court as expressed in its opin-

ion, reading that opinion in the light of its application to the facts of the case. In our apprehension, no other rational construction was to be put upon the action of the court.

It is apparent, from this statement, the difficulty has arisen from the judgment of this court having been misentered in its record. The court of chancery has, in point of fact, executed the judgment of this court as it was pronounced, but not as it was entered, and therein we think an error was committed. Like those of all other judicial tribunals, the record of this court, kept under its own supervision, must be taken as the infallible exponent of its mind, and as in every respect being correct; it is not alterable except under its own authority. The result therefore is that the respondent should have been sent to this court to ask that this misentry should be rectified. It was a formal error for the court below to attempt to amend this record by a construction of the opinion read in the case.

Consequently, we think the proper course is to reverse the decree below, to amend the entry of the judgment in this court, and at the present time to render a final decree in favor of the respondent on the basis of the decree of the chancellor.

Neither party will be allowed costs in this court.

For affirmance—McGregor—1.

For reversal—The Chief-Justice, Depue, Dixon, Knapp, Parker, Reed, Scudder, Van Syckel, Brown, Clement, Whitaker—11.