FRANK LAKE et al.

*v.*

JOSEPHINE T. WEAVER et al.

[Decided March 4th, 1910.]

Defendant began statutory proceedings to establish a lost deed, and complainants filed a bill to enjoin the action. Defendant filed a cross-bill, and the court enjoined her from proceeding with her statutory remedy, and dismissed the cross-bill. The court on appeal reversed the decree, "to the end that the complainants' bill be dismissed" and defendant "suffered to proceed with the remedy provided by statute," and the *remittitur* directed that the final decree be reversed and the bill of complaint dismissed.—*Held*, that the court below could not permit defendant to proceed to establish the lost deed in equity, but must relegate her to her statutory action.

*Mr. John J. Crandall,* for the complainants.

*Messrs. Melosh & Morten* and *Mr. Gilbert Collins,* for the defendants.

GARRISON, V. C.

This is an application to the court to enter a decree upon a *remittitur* from the court of errors and appeals.

Since I am informed that an appeal has been taken from the decree thus entered, it becomes necessary for me to state the reasons which induce me to make the decree.

The defendant Josephine T. Weaver began proceedings under the statute to establish a lost deed.

The complainants, conceiving that they had a right to prevent her from prosecuting this statutory remedy, filed their bill against her.

She answered, justifying her right to proceed under the statute. She also filed a cross-bill in which she set out that the lands had been sold in the partition suit, and that the share formerly held by Theodore was conveyed to her by him as trustee, as set out in the fourteenth paragraph of her answer, and that during Theodore's lifetime she advanced considerable moneys to him for the support and maintenance of himself and his children, and subsequent to his death she maintained, supported and educated the children, the complainants, and that in any accounting for the money which she now holds as trustee she is entitled to charge against the complainants the moneys advanced as just stated; and she prays that they may make discovery, and that she may have the relief to which she is entitled.

This court, finding equities in favor of the complainants, made a decree enjoining the defendant Josephine T. Weaver from proceeding with the remedy provided by statute in the case of a lost deed, and dismissed the cross-bill. The defendants took an appeal from this decree.

The opinion of the court of errors and appeals—*76 N. J. Eq.* (*6 Buch.*) *280*—concludes as follows: "The result reached is that the decree of the court of chancery should be reversed, to the end that the complainants' bill be dismissed, and the appellant Josephine T. Weaver suffered to proceed with the remedy provided by statute in the case of a lost deed."

The *remittitur* from the court of errors and appeals provides that the final decree entered herein be reversed, and that a decree be entered dismissing the bill of complaint.

I was requested by the defendant Josephine T. Weaver to enter a decree in her favor based upon her cross-bill, and by such decree to establish this lost deed in equity, and decree, as prayed in the cross-bill, that she holds the property as trustee, and is entitled to deduct from the property, or its equivalent—the money in court—all sums found to have been advanced by her to Theodore or the children.

Whatever my view concerning the proper course of procedure might otherwise be, I am constrained, under the instructions contained in the opinion of the court of errors and appeals to make such decree now as, to quote their own language, will suffer Josephine T. Weaver "to proceed with the remedy provided by statute in the case of a lost deed."

This precludes me from suffering her to proceed to establish the lost deed in equity, and I can only follow the directions of the appellate court by making a final decree denying all relief in equity, and thus suffering her to proceed with the remedy provided by statute.

I cannot assume, in the face of the unambiguous language used by the appellate court, that it intended that this court should permit Josephine T. Weaver to proceed in equity to establish her deed. The whole case, upon the bill and cross-bill and the respective answers, was before the appellate court, and if it had concluded that it was proper for the court of chancery to administer relief in favor of the cross-complainant it would have so stated, and would have found what equity she was entitled to, and directed what decree should be made in her favor; or, if it considered that this was a proper case for the court of chancery to first pass upon the equitable claims of the cross-complainant, would have so indicated, and would not have stated that the result of their conclusions was that she should be left free to proceed at law.

If it be the desire of the court of errors and appeals that the equitable claims put forward by the cross-complainant shall be dealt with by this court, a direction from that court to this effect

would result in this court opening this decree and hearing and passing upon such claims. Upon the expressed views of that court as now before me, I would not be justified in entering any other decree than one which relegates the cross-complainant to her statutory action.