DEWEY LAND COMPANY et al.

*v.*

HENRY E. STEVENS, JR., et al.

[Submitted December 7th, 1915. Decided December 8th, 1915.]

After an affirmance by the court of errors and appeals, the court of chancery cannot amend the final decree.  There is nothing further for the lower court to do in the case but to enter the mandate and enforce the judgment.  The remedy, if any, is by application to the appellate court.

On motion to amend final decree after affirmance.

*Mr. Harvey F. Carr,* for the motion.

*Mr. George L. Bourgeois, contra.*

BACKES, V. C.

This was a bill to quiet title to lands formerly under the waters of the Atlantic ocean, claimed by the defendant Stevens under a riparian grant from the state.  Upon final hearing, the

bill was dismissed by this court, and the complainant appealed, which resulted in an affirmance of this court's decree. *83 N. J. Eq. 314.* The defendant now moves to amend the decree by substituting another, establishing his rights in the land involved in the suit, in compliance with section 6 of the act to quiet titles, which provides that the final determination and decree in such suit shall fix and settle the rights of the parties in said land, and the same shall be binding and conclusive on all parties to the suit. *Comp. Stat. p. 5402.* This, I apprehend, cannot be done at this stage of the proceedings. The motion, in effect, is to amend the decree of the court of errors and appeals. Upon a simple affirmance on the merits, there is nothing further for the lower court to do in the case but to enter the mandate and enforce the judgment. Thus, there is no discretion which permits the re-examination of matters once concluded, further inquiry into additional matters, the rendition of a different judgment or decree, the vacation of the judgment or decree, or a stay of execution to enforce the judgment or decree. *3 Cyc. 485,* where the authorities are collected in the foot-notes.

An illustration of the inability of this court to aid the defendant, and the correct practice to be pursued, will be found in *Tuttle* v. *Gilmore, 42 N. J. Eq. 369.* There, the conclusions of the appellate court were misentered in its minutes, and as entered were certified to this court by the *remittitur.* The mistake was an obvious one, and the chancellor entered a decree, not in pursuance of the language of the *remittitur,* but as the court above had in fact decided the issue. On appeal from this decree, which the upper court admitted correctly adjudged the rights of the parties, it was reversed, Chief-Justice Beasley, writing the opinion of the court, saying: "The court of chancery had, in point of fact, executed the judgment of this court as it was pronounced, but not as it was entered, and therein we think an error was committed. Like those of all other judicial tribunals, the record of this court, kept under its own supervision, must be taken as the infallible exponent of its mind, and as in every respect being correct; it is not alterable except under its own authority. The result, therefore, is that the respondent should

have been sent to this court to ask that this misentry should be rectified. It was a formal error for the court below to attempt to amend this record by a construction of the opinion read in the case. Consequently, we think the proper course is to reverse the decree below, to amend the entry of the judgment in this court, and at the present time to render a final decree in favor of the respondent on the basis of the decree of the chancellor."

Moreover, looking into the opinion of the court of errors and appeals, in the present case, I find that the judgment of that court, dismissing the bill, was rested entirely upon the untenability of the complainants' claim to title, and in no aspect was the defendants' title pretended to be examined and confirmed. In such circumstances, this court, in its determination of the cause, would not have awarded the relief the defendant now seeks on this motion.

The motion will be denied.