LEON M. PISCULLI,

*vs.*

BELLANCA AIRCRAFT CORPORATION, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, BELLANCA AIRCRAFT CORPORATION OF AMERICA, a corporation duly organized and existing under and by virtue of the laws of the State of New York, NORTH OCEANIC AIRWAY CORPORATION, a corporation duly organized and existing under and by virtue of the laws of the State of New York, CESARE SABELLI and DELAWARE FLYING SERVICE, INC., a corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

*New Castle, Sept.* 23, 1931.

*James R. Morford,* of the firm of Marvel, Morford, Ward & Logan, and *William T. Lynam, Jr.,* for Pisculli.

*Aaron Finger,* of the firm of Richards, Layton & Finger, for Bellanca Aircraft Corporation.

THE CHANCELLOR: The affirmance by the Supreme Court was a simple affirmance without qualification of any

sort. It is now sought to have this court after such an affirmance enter a decree with new features engrafted upon the affirmed one, by which the Bellanca Company is not only subrogated to the rights of Pisculli against the *res*, but further is to obtain the relief of a foreclosure sale against Sabelli.

Conceding that it might have been proper for the decree originally entered to subrogate the Bellanca Company to the rights of Pisculli, notwithstanding the substitution of the bond with its peculiarly worded condition, the fact is that the Bellanca Company interposed no objection to the form of the decree because of its omission in that particular, either in this court or in the Supreme Court. It has waited until now, after an affirmance upon appeal, to raise its contention that the decree should have contained the provisions referred to, and to ask that it be altered in the particulars mentioned.

The solicitor for the Bellanca Company cites the following cases as authority in support of his position: *Dorsheimer v. Rorback*, 24 *N. J. Eq.* 33; *Jones v. Davenport*, 45 *N. J. Eq.* 77, 17 *A.* 570; *Lynde v. Lynde*, 54 *N. J. Eq.* 473, 35 *A.* 641; *Bull v. International Power Co.*, 84 *N. J. Eq.* 209, 93 *A.* 86; *Clark v. Hall*, 7 *Paige* (*N. Y.* ) 382; *Sprague v. Jones*, 9 *Paige* (*N. Y.*) 395; *Pfeaff v. Jones*, 50 *Md.* 263; *Oliver Finnie Grocery Co., et al., v. Bodenheimer, et al.*, 77 *Miss.* 415, 27 *So.* 613; *Mootry v. Grayson*, (*C. C. A.*) 104 *F.* 613. These cases deal with the power of a court on mere petition to change or alter its decree in a material particular to make it conform to the court's decision where the matter to be added was inadvertently left out, or to supplement a decree already entered by further ordering directions consequential upon the decree itself, or by modifying the time or manner of its performance.

In none of the cases above cited, except those reported in 7 and 9 *Paige*, had appeals been taken. They do not touch the question therefore of the court's power to alter its decree after a simple affirmance by an appellate tribu-

nal. The two cases from Paige's reports were on appeal to the Chancellor from the Vice Chancellor, and all that they hold is that the Vice Chancellor had power to amend a decree to the extent just stated by me. Those two cases therefore have no bearing on the question of the court's power after an appeal and simple affirmance.

We are concerned here with the trial court's power to remodel its decrees in matters of substance after the same have been affirmed as entered. The case of *Dewey Land Co. v. Stevens, Jr., et al.*, 85 N. J. Eq. 374, 96 A. 362, holds that there is no such power in the lower court. That was a bill to quiet title. The Chancellor entered a decree of dismissal. The defendant had a right under the statute to a decree finally determining his rights to the land as against all parties to the suit. After an appeal by the complainant resulting in an affirmance, the defendant moved the lower court to amend its decree by determining his rights in the land. The Vice Chancellor in denying the motion said:

"The motion, in effect, is to amend the decree of the Court of Appeals. Upon a simple affirmance on the merits, there is nothing further for the lower court to do in the case but to enter the mandate and enforce the judgment. Thus there is no discretion which permits the re-examination of matters once concluded, further inquiry into the vacation of the judgment or decree, additional matters, the rendition of a different judgment or decree, or a stay of execution to enforce the judgment or decree."

In the instant case the situation of the defendant, the Bellanca Company, is somewhat similar to that of the defendant in the case just cited, for the defendant's motion for a modification of the decree here is to secure to it a right which it is claimed the original decree might have provided for, as in the New Jersey case. I refer to the right of the Bellanca Company to sell the plane in satisfaction of the sum paid by it to Pisculli.

The motion should be denied on the ground that this court is without power to do anything more than enforce the decree as affirmed by the Supreme Court.

Whether, on the merits, the Bellanca Company is subrogated to the rights of Pisculli, and if so, whether a formal declaration to that effect in the decree would be necessary, are questions I am not called upon to discuss. Neither is it necessary to consider whether, if there is a subrogation, the Bellanca Company, in view of the bond and the absence of a prayer for cross relief against Sabelli, would have the right to enforce a sale of the plane. In that connection it is to be noted that the Bellanca Company in·its petition appears to consider it necessary to offer a fact in evidence, after an appeal and affirmance, viz., the fact that the "Roma" is within the jurisdiction, as a basis for the proposed relief of foreclosure. Certainly this court could not receive evidence of that fact after the case has come back to it on a decree of simple affirmance.