Lincoln Materials Company, Incorporated, and Goodwin Construction Company, complainant-respondent,

*v.*

John R. Blair Company, defendant-appellant, and Newark Holding Company, respondent.

[Argued May term, 1931. Decided October 19th, 1931.]

*Messrs. Keating & Keating,* for the appellant.

*Mr. Joseph Steiner,* for the receiver.

*Mr. Merritt Lane,* for the Newark Holding Company.

The opinion of the court was delivered by

Bodine, J.

A *remittitur* from this court specifically directed the court of chancery to take further proofs and to determine therefrom how much of the money said to be the consideration for a certain mortgage given to the Newark Holding Company was applied in the construction of a building upon the mortgaged lands.

In the case which we .decided (*106 N. J. Eq. 326*), it was contended in behalf of the Newark Holding Company, that

to the extent of $5,000 the moneys secured by its mortgage had been actually used in the construction of the buildings upon the land in question. The proofs before the receiver and in the court below concededly were not sufficient to establish the fact, and for that reason the case was remanded in order that further proofs might be taken and the case decided according to law.

After the *remittitur* went down the attorney for the Newark Holding Company wrote to the receiver, offering to accept $5,000 in compromise of all claims, saying that there could be no doubt as to his ability to prove that this sum of money actually went into the construction of the building in question. The proofs were not presented. The receiver then filed a petition seeking an order authorizing the acceptance of this offer in compromise, if such it were.

Notwithstanding the protest of the appellant, a creditor, the court directed the acceptance of the alleged compromise and awarded further allowances to the receiver and to his counsel.

Appellant contends that the court of chancery was without power to disregard our mandate and could not proceed in a manner other than as directed, and that the allowances last made were both excessive and without justification.

The first constitution of the state adopted July 2d, 1776, in Article IX provided: "That the governor and council be the court of appeals in the last resort in all causes of law as heretofore * * *." Our present constitution provides, Article VI, section 1: "* * * The judicial power shall be vested in a court of errors and appeals in the last resort in all cases as heretofore, * * *." Section II, 5 Appeals: "When an appeal from an order or decree shall be heard, the chancellor shall inform the court, in writing, of the reasons for his order or decree, but he shall not sit as a member or have a voice in the hearing on a final sentence."

The constitutional requirement that this court be informed as to the reason for an order or decree under appeal has heretofore been scrupulously observed by the vice-chancellor

advising a decree before us. In the present case no reasons appear to have been filed.

We entered our mandate in the earlier case, as before noted, because there were not sufficient proofs before the receiver or before the court to determine what moneys were actually used in the construction of the building in question. Legal rights cannot, since trials by combat and wager of law are no longer possible, be determined except upon adequate and sufficient proofs. Such proofs this court has, from earliest times, required in order that decrees may be entered according to law.

An act of the legislature respecting the court of errors and appeals is to be found in *2 Comp. Stat. p. 1708 § 17,* which, in part provides: "When a cause hath been decided by final decree or order of this court, it shall be the duty of the clerk to return to the clerk of the court of chancery all the papers * * * together with a copy of the order or decree of the court"—the court of errors and appeals— "which order or decree it shall be the duty of the court of chancery to carry into effect." This enactment was embodied in our statutory law in 1815, if not earlier (*P. L. p. 14, Revised Laws 1821 p. 574*), and also appears in identical language in every compilation and revision since.

The duty of the court of chancery to carry out our mandate, whether by reason of the constitutional power of our court or by virtue of legislative enactment, has been judicially recognized for nearly a century.

In *Snowhill* v. *Executor of Snowhill, 2 N. J. Eq. 30,* this court remitted the record and proceedings to the court of chancery to be there proceeded in according to law. Chancellor Green said: "I am very clear as to my duty under this decision. I must give to it, without any reference to my own judgment, its fair and just legal effect. It is a decision, in the same cause, of a court of the highest authority in the state. In fact, I should not think it proper to express an opinion on the subject, considering this part of the case as already settled. Can there be any doubt as to the legal

effect of that decision? * * * Had no new question been made by the answers, I should have done nothing more with the cause, than to have made a reference to ascertain the amount of the money in the hands of * * * to the end that a final decree might have been made." See, also, the opinion of this same jurist as Chief-Justice in *Hale* v. *Lawrence, 22 N. J. Law 72.*

Chief-Justice Beasley said, in reversing the Chancellor, in *Tuttle* v. *Gilmore, 42 N. J. Eq. 369:* "A decree having been pronounced in this court as the result of a former appeal between these parties, that decree was sent to the court of chancery, with instructions to execute it. * * * The judgment of this court, as it stands on our records, has not been carried into effect according to its plain terms. That this is the case, will clearly appear from the statement of the facts as presented in the opinion of the chancellor. * * * It was a formal error for the court below to attempt to amend this record by a construction of the opinion had in this case."

Vice-Chancellor Backes, in preparing the syllabus in *Dewey Land Co.* v. *Stevens, 85 N. J. Eq. 374,* said: "After an affirmance by the court of errors and appeals, the court of chancery cannot amend the final decree. There is nothing further for the lower court to do in the case but to enter the mandate and enforce the judgment. The remedy, if any, is by application to the appellate court." See, also, *McGrail* v. *McGrail, 51 N. J. Eq. 537,* opinion by Vice-Chancellor Green.

Vice-Chancellor Van Fleet said, in *Dringer* v. *Receiver of the Erie Railway, 42 N. J. Eq. 573:* "The judgments of the court of errors and appeals cannot be reviewed by this court. The position of the two tribunals towards each other is directly the reverse—that court has authority to review and reverse the judgments of this court, but the only thing this court can do respecting the judgments of that court is to carry them into effect. That court not being a court of final process, a judgment pronounced by it, in a cause taken

up by appeal from this court, is sent here to be carried into effect. And this court, in performing that duty, is required to confine itself strictly within its allotted sphere. It must not attempt, in any way, to evade, impede or defeat the command of the superior tribunal. *Jewett* v. *Dringer, 31 N. J. Eq. 586*. And so rigorous is the rule in this regard that if this court gives effect to the judgment actually pronounced by the court of errors and appeals, but not to the judgment entered on its record—the judgment having been erroneously entered—the action of this court will be reversed."

Respondent argues that pending the appeal the decree in chancery was amended so as to embody other recitals not before us at the previous appeal. Such amendment may have been made pursuant to the rule followed in *Bull* v. *International Power Co., 84 N. J. Eq. 209,* and may have supplied technical defects, but is of no advantage to the respondent because it is a mere recital that the decree was entered after the court had considered all of the proceedings and the testimony taken before the receiver. It does not and could not enlarge the evidence which we deemed insufficient. A reference, however, to a master could have enlarged the testimony and would have furnished an adequate basis for judicial action in accordance with the direction of this court, and would have complied with the long settled practice. *Snowhill* v. *Executor of Snowhill, supra.*

There is no suggestion in the record that the earlier decree was procured by fraud. There was a lack of proofs and counsel for the mortgagee thought he could supply it, but that suggestion did not alter the duty of the court of chancery to take steps which would lead to securing the evidence so that our determination in the specific case could be made effective.

Receivers are no doubt vested with broad powers under section 66 of the Corporation act. *2 Comp. Stat. p. 1643.* But when a cause of action has been submitted to the court of chancery and has been there determined and an appeal has been taken to this court and has been decided, the decision

of this court is of necessity the law of the case, and the receiver has no more power to compromise the matter in dispute against the wishes of the parties interested than the court of chancery has to proceed in a manner other than as directed by this court.

We find no proofs showing the nature nor the value of the additional services said to be rendered by the receiver and his counsel justifying the additional allowances awarded them. Adequate allowances were made before the first appeal was taken. The subsequent occurrences furnished no basis for additional compensation at the expense of creditors. The previous allowances were indeed generous compensation for all the services rendered in this case, and the additional compensation appears not only unreasonable but also unsupported by the proofs and will be set aside.

The final decree of July 28th, 1930, is reversed and the case remanded with instructions to take further proofs as to the advances used in the actual building construction, &c., in accordance with the mandate of this court previously entered and in accordance with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.