A decree was entered in this court on January 18th, 1932, dismissing complainant's bill of interpleader. The complainant appealed therefrom to the court of errors and appeals which reversed said decree. 112 N.J. Eq. 347. The matter is now before this court on application of counsel for complainant for a decree on the remittitur entered in the court of errors and appeals which has been transmitted to this court. The solicitors of complainant having given notice to the solicitor of the defendant A. Graham Biddle of application for a decree to be entered in this court to carry into effect the judgment of reversal by the court of errors and appeals, served therewith a copy of complainant's proposed decree, to which the solicitor of said defendant interposed objections and sought to have this court include in the decree now to be made matter which would substantially affect the effect of the judgment of the appellate court. It is the clear duty of this court to strictly comply with the mandate of the court of errors and appeals. It has been repeatedly held that when the court of errors and appeals, after reversing a decree of this court, orders a decree to be entered in this court in accordance with its judgment of reversal, and remits the record of its judgment, this court has no authority to allow any amendments of pleadings in the cause, or to amend the record by a construction of the opinion of said court, and must not attempt in any way to evade, impede or thwart the mandate of said court. In Klein v. Journal Square Bank Building Co.,114 N.J. Eq. 510, I stated: "In my judgment the court of chancery has no authority in the premises other than to observe the mandate of the court of errors and appeals predicated upon itsremittitur, * * *." See Hale v. Lawrence, 22 N.J. Law 72;Howe v. Lawrence, Ibid. 99; Tuttle v. Gilmore, 42 N.J. Eq. 369; Dringer v. Receiver of Erie Railway, Ibid. 573; affirmed,43 N.J. Eq. 701; Jewett v. Dringer, 31 N.J. Eq. 586; McGrail
v. McGrail, 51 N.J. Eq. 537, 539; In re Wheaton's Will,67 Atl. Rep. 187; Lake v. Weaver, 77 N.J. Eq. 100; Dewey Land Co. v.Stevens, 85 N.J. Eq. 374; Lincoln Materials Co., Inc., v. JohnR. Blair Co., 109 N.J. Eq. 159. *Page 510